Butterfield v. Walsh.

## BUTTERFIELD V. WALSH.

1. Notice: PURCHASER AT JUDICIAL SALE. When the plaintiff in execution becomes the purchaser at the sheriff's sale, he is protected against equities in other parties, unless such equities are so strong and persuasive as to prevent the application of the rule which indisputably obtains as to third persons or strangers to the suit; and if these are relied on they must be alleged and proved.

2. Judicial sale: AFTER DEATH OF EXECUTION. The sale of property under an execution after the expiration of seventy days from the date thereof, is not invalid if the levy was made before the expiration of that time.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 28.

RIGHT.— Both parties claim under Owen McLaughlin. Plaintiff's title is this: Patrick Quigley obtained a sheriff's

deed in July, 1840, under a judgment and execution in favor of Curran against McLaughlin; and in April, 1862, plaintiff obtained a sheriff's deed under a judgment and execution in his favor against said Quigley. Defendant is the residuary legatee of John Walsh, and shows that the property was sold to said John in October, 1841, under a judgment in favor of the Walshes, rendered subsequent to that under which plaintiff claims against said McLaughlin. He also claims that Quigley purchased under the Curran judgment as the agent of the Walshes; that they advanced the amount bid; that he never had any right to the property; never exercised any acts of ownership over the same, but held it purely and simply in trust for the real owners, the present plaintiff and John Walsh. This latter claim is set up as an equitable defense. The testimony tends to show its truth, and upon this theory the court below found for the defendant, and the plaintiff appeals.

*H. A. Wiltse* and *B. W. Poor* for the appellant.

*Monroe & Deery* for the appellee.

WRIGHT, J. — In the disposition of this case we shall assume that Quigley bought under the Curran judgment

1. NOTICE: purchaser at judicial sale.

as the agent of Walsh, and that as between them he held it in trust for Walsh. The testimony, we concede, is not very conclusive, but this is its tendency, and we shall so treat it. As plaintiff claims under the senior judgment, against one who is the common source of title, the material inquiry is, whether he had notice of defendant's equities, or whether such equitable title can defeat an apparently regular legal title.

Defendant had no actual possession of the property; nor was there any other than constructive possession in any one. The record title, at the time of plaintiff's pur-

chase, was in Quigley, and we find nothing to warrant the conclusion that at this time he had any knowledge or notice of defendant's equity. The case is distinguished from *Norton, Jewett & Busby* v. *Williams*, 9 Iowa, 530, and those like it, where the purchaser had notice of a deed *before* purchase, outstanding at the time of the judgment, but then unrecorded. For in such cases the judgment was but a lien, the creditor had parted with no right, but before parting with his purchase-money had full notice of the outstanding title. When a third person purchases, without notice of the outstanding equity, there is no doubt as to the validity of his title. The doubt only arises, under all the cases, when the plaintiff in execution himself becomes the purchaser. This question was very fully discussed in the cases of *Parker* v. *Pierce*, 16 Iowa, 227; *Vannice* v. *Bergen*, Id., 555; *Evans* v. *McGlasson*, 18 Id. And in substance, these cases hold, taking the most favorable view for appellee, that at law or in equity, the plaintiff in execution, when a purchaser, is protected, unless the equities of the adverse claimant are so strong and persuasive as to prevent the application of the rule which indisputably obtains as to third persons or strangers to the suit; and that if those are relied upon they must be alleged and proved. See *Sanford* v. *McLean*, 3 Paige, 117; *Bartlett* v. *Gale*, 4 Id., 503. The question then is, whether equities of this nature are shown in this case on the part of appellee.

It will be remembered that the legal title was in Quigley, at the time plaintiff obtained his judgment, as also at the time of the sale. Plaintiff had no actual notice of defendant's equity. The property was apparently subject to the payment of the judgment. There was nothing, in the way of possession or otherwise, to put the purchaser upon inquiry. Why then is plaintiff not protected as fully as any ordinary purchaser? Defendant had not even a deed

HARVARD LAW SCHOOL LIBRARY.

from Quigley. If he had, and failed to record it, and plaintiff had no notice of it, then, in the absence of equities, such as we have referred to, it would have had no validity against him, and his title would prevail. And certainly defendant can occupy no better position, holding an equitable title, without any paper evidence of it, and without notice thereof to plaintiff.

Now the case of *Vannice* v. *Bergen*, 16 Iowa, 555, is the only case in this State, which can be claimed to be at all analogous to this. And yet there the debt of the judgment creditor and purchaser, was contracted, while the adverse claimant's lien upon the common debtor's property was clear and indisputable. This lien continued to the time of judgment. The lien holder after this bought the land of the mortgagor, the common debtor, paying therefor something beyond the amount due on the mortgage. The mortgagee's interest after this, was sold under the judgment and the mortgagee filed a bill to set aside the entry of satisfaction; to revive the mortgage and to have the lien thereof declared paramount to that of the judgment. Bergen, the debtor and mortgagor, was *insolvent* at the time he sold to the mortgagee. His ability to pay was *as great after as before*, having no property then or afterwards *from which the judgment could have been made.* Nothing was, therefore, *lost* to the creditor by the mortgagee's act in purchasing the land and satisfying his mortgage. And these facts were shown. Nothing of this kind appears in this case. As to the condition of Quigley's property or his ability to pay, the record is silent. The case, then, is simply this: that plaintiff bought an apparently good legal title, without notice actual or constructive of the defendant's outstanding equities; and there is nothing in the circumstances to show that he should not be protected as fully and to the same extent as any ordinary purchaser for value. So holding, his title

Butterfield v. Walsh.

must prevail and the judgment below be reversed, unless the second and only remaining point can avail appellee.

It seems that the execution against Quigley was issued December 27, 1861; that on the 6th of March, 1862, the

*2. JUDICIAL SALE: after death of execution.* sheriff made his levy and advertised the property for sale, and sold it on the 15th of April. All the proceedings were under this execution, and the objection is that as the sale was made more than seventy days from the test of the writ, it was void and plaintiff took no title.

The law is that the officer shall indorse on the execution the day and hour of its receipt, and "make a sufficient return thereof, together with the money collected, *on or before the seventieth day from such delivery.*" Rev., §§ 3255, 3257. When the sheriff received the writ in this case does not appear, but we shall assume that it was the day of its date. Is the sale void, therefore, because made after the seventieth day, the levy and advertisement being before that time?

In *Stein* v. *Chambless,* 18 Iowa, 474, it was said to have been long and often settled, that if the officer levied before the expiration of the execution, he may complete the sale as well after as before the return day of the writ. That case was under the Revision, and, therefore, like this. And the doctrine there stated is clearly sustained by the authorities cited. *Phillips* v. *Dana,* 3 Scam., 558; *Wood* v. *Colvin,* 5 Hill, 231; *Wheaton* v. *Sexton,* 4 Wheat., 503. In the last case, Justice JOHNSON, in delivering the opinion, says: "The court can only express its surprise that any doubt could be entertained. The purchaser depends on the judgment, the levy and the deed. All other questions are between the parties to the judgment and the marshal." And see, further, *Averill* v. *Wilson,* 4 Barb., 180; *Cox* v. *Joiner,* 4 Bibb, 94; *Clerk* v. *Withers,* 2 Ld. Raym., 1075; *Jackson* v. *Rosevelt,* 13 John., 97; *Cavender* v. *Heirs of*

*Smith*, 1 Iowa, 306, and cases there cited. This being the rule, it follows that the objection cannot avail; and it also follows that plaintiff's title is paramount to that of defendant; that there was error in the action of the court below; that said judgment must be reversed, and the proceedings remanded for judgment in accordance with this opinion.

Reversed.