BUTTERFIELD v. WALSH <em>et al.</em>

1. **Judicial sale**: OUTSTANDING EQUITIES. Where the plaintiff in execution becomes the purchaser at the sale, he will be protected from outstanding equities of which he had no notice, the same as where the purchase is by a third party.

2. **Tax sale**: REDEMPTION: ESTOPPEL. Where, pending litigation respecting real estate, the defendant attempts to acquire title derived through a tax sale from which the plaintiff offered to redeem, the tax title will be held ineffectual and plaintiff allowed to redeem.

*Appeal from Dubuque Circuit Court.*

TUESDAY, JUNE 10.

PLAINTIFF brought this action at law for the May term, 1865, of the district court of Dubuque county, to recover of Edward Walsh, now deceased, lot No. 119 in the city of Dubuque.

The defendant pleaded a general denial, and also set up an equitable defense, to the effect that he claimed the lot through his brother, John Walsh, who was the equitable owner thereof; that Patrick Quigley, through whom plaintiff claims title by virtue of a purchase thereof, under an execution sale against said Quigley, had no interest in the property; that Quigley had purchased the same under execution upon a judgment in favor of James Curran against Owen McLaughlin, July 30, 1840, and taken the sheriff's deed for the same to himself; that in making said purchase said Quigley was acting for and on behalf of John Walsh, and that said purchase was made for the benefit of John Walsh, and at his cost; that after said purchase Quigley held said lot in trust for said John Walsh during his life-time, and after his death, for the defendant. The answer further alleged, in substance, that the property was subsequently sold on execution in favor of John Walsh against Owen McLaughlin, and purchased by, and a sheriff's deed made to, John Walsh on the 2d of October, 1841; that Quigley held the mere naked legal title for John Walsh, and made no claim of ownership to the lot himself.

The cause was tried to the court and judgment rendered for the defendant. Plaintiff appealed to this court, where the judgment was reversed. See 21 Iowa, 97.

Pending the appeal Edward Walsh died, and, in subsequent proceedings, the present defendants were substituted.

In obedience to the judgment of this court on the appeal, the district court rendered judgment for plaintiff at the March term, 1867. At the June term following, defendant filed a motion for a new trial, which being overruled, the defendants

appealed and the judgment was again reversed.  See 25 Iowa, 263.  The cause coming on for hearing on the application for a new trial, the same was granted, and a new trial had before the circuit court, on change of venue, in which the defendants set up additional defenses, attacking the validity of the sheriff's sale under which plaintiff claims title, and further equities in the defendants.

There was judgment for the plaintiff.  Defendants appeal.

*Monroe & Deery* and *Adams & Robinson* for the appellants.

*B. W. Poor* for the appellee.

MILLER, J. — In the opinion of this court in this case reported in 21 Iowa, 97, it is said: " As the plaintiff claims under the senior judgment, against one who is the common source of title, the material inquiry is, whether he had notice of defendant's equities, or whether such equitable title can defeat an apparently regular legal one.  The defendant had no actual possession of the property ; nor was there any other than constructive possession in any one.  The record title, at the time of plaintiff's purchase, was in Quigley, and we find nothing to warrant the conclusion that at this time he had any knowledge or notice of defendant's equity."  It is held in that case that when a *third person* purchases without notice of an outstanding equity, there is no doubt of the validity of his title.  And after referring to *Parker* v. *Pierce*, 16 Iowa, 227; *Vannice* v. *Bergen*, id. 555, and *Evans* v. *McGlasson*, 18 id. 150, the opinion says, that " these cases hold, taking the most favorable view for appellee, that at law or in equity, the plaintiff in execution when a purchaser is protected, unless the equities of the adverse claimant are so strong and persuasive as to prevent the application of the rule which indisputably obtains as to third persons or strangers to the suit; and that if these are relied upon they must be alleged and proved."

Inasmuch as no such equities appeared in the case as it then

stood before the court, it was held that the plaintiff was "protected as fully as an ordinary purchaser."

It is now urged that it has been shown in the last trial that the equities in favor of the defendants are so "strong and persuasive as to prevent the application of the rule" which obtains as to third persons or strangers to the suit.

It will be observed, upon an examination, that in *Parker* v. *Pierce, supra,* the question was stated, but not decided, whether the purchaser at an execution sale takes the estate charged with the equities and secret trusts which may exist against the judgment debtor, and the cases bearing upon the question are cited. In *Evans* v. *McGlasson, supra,* it was held that where the purchaser at the execution sale was a third person, who purchased without notice of any outstanding equities for value, he was entitled to protection therefrom. DILLON, J., held that where the purchaser was the judgment creditor, the same rule applied to him, and the majority agreed that this was so unless there are equities of so strong and persuasive a character as to prevent its application, and which must, if relied on, be alleged and proved.

This question came before the court again since the decision of this case in 21 Iowa, in *Gower* v. *Doheney,* 33 id. 36, and the doctrine is there recognized that the judgment creditor who becomes the purchaser at the sheriff's sale stands upon the same grounds as any other purchaser, and is entitled to be protected against equities existing in favor of third persons against the judgment debtor, of which such purchaser has had neither actual nor constructive notice. See cases cited in the opinion in that case.

This holding disposes of this case so far as it is attempted to withdraw the case from the operation of the rule applicable to a purchaser, who is not the judgment creditor, by an attempt to show paramount equities in behalf of the defendants. The plaintiff having purchased, in good faith, for value when the legal title was in the judgment debtor, without actual or constructive notice of any equitable title in the defendants, is,

under the rule now established, entitled to priority over such equitable title.

II. It further appears from the abstract and arguments of counsel that upon the last trial of the cause the defendants relied upon a tax title acquired during the pendency of this suit, by an assignment of a tax certificate from Edward Smith, and a deed from the treasurer to Edward Walsh. It seems that prior to the expiration of the time of redemption the plaintiff offered to redeem the lot from tax sale from Smith, the purchaser, who then held the certificate of sale, which Smith refused to accept, but that he afterward assigned the certificate to Edward Walsh to whom, or rather in whose name, the treasurer executed a deed, for it is admitted that at the time of the execution of the tax deed Edward Walsh was dead.

The judgment of the court below permits the plaintiff to redeem from the tax sale, and we think rightly so. The treasurer's deed executed to Edward Walsh after his death conveyed no title to him or his heirs. *Wilcox* v. *Iowa Wesleyan University*, 32 Iowa, 367. The tender or offer of the plaintiff to redeem from the holder of the tax sale certificate, prior to the expiration of the time for redemption, entitles him in equity now to redeem by paying a sufficient amount for that purpose to the present holder of the certificate. *Armstrong* v. *Pierson*, 5 Iowa, 317, 331 ; *Crum* v. *Cotting*, 22 id. 411.

The judgment of the circuit court will be

Affirmed.