Rooker v. Rooker, Guardian.

No. 8131.

## ROOKER v. ROOKER, GUARDIAN.

TRUSTS.—*Implied or Parol Trust.—Express Trust.*—An implied or parol trust can not be created by putting money in the hands of another, to be invested in land for the use and benefit of a third person. This can only be done by an express trust in writing.

SAME.—*Good Faith Purchaser at Sheriff's Sale.*—A good faith purchaser of real estate at sheriff's sale, without notice, or his assignee, will be protected from secret trusts and unrecorded liens. ELLIOTT and NIBLACK, JJ., dissent.

SAME.—*Action to Enforce Parol Trust and Quiet Title.—Notice of Trust.—Demurrer.*—In an action to enforce a parol trust and to quiet title to real estate, the complaint alleged that a married woman placed her separate personal property in the hands of her husband, in trust, to invest in real estate for her daughter, who invested it in the real estate in controversy, but took the conveyance in his own name, and had it

duly recorded; that, previous to his death, for the purpose of fully executing the trust, he devised such real estate to the daughter, which will was, after his death, duly probated; that such real estate, during his lifetime, was sold on execution against him, the judgment plaintiff being the purchaser, and having no notice of such trust; that afterward the defendant purchased the certificate of sale and took a sheriff's deed for the land, with full knowledge of all the facts, under which deed he claims title. Prayer that the land be declared held in trust for such daughter, and that the title thereto be quieted.

*Held,* on demurrer, that the complaint was insufficient.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts, W. R. Fertig* and *D. Moss,* for appellant.

*R. R. Stephenson,* for appellee.

FRANKLIN, C.—Suit by appellee, as guardian, against appellant, to enforce a parol trust and quiet the title of appellee to a certain tract of land. The complaint consisted of two paragraphs. A separate demurrer was filed to each; overruled and excepted to. Issues were formed; trial by jury commenced, and, upon the conclusion of the plaintiff's evidence, the defendant demurred to the evidence separately upon each paragraph of the complaint. The demurrer to the evidence was overruled, excepted to, and judgment against the appellant was rendered on each paragraph of the complaint.

Errors have been assigned in this court upon these rulings. The first paragraph in the complaint alleges, substantially, as follows: That Susan Rooker (the mother of appellee's ward) had two thousand dollars, in personal property, and one child, Mary, (appellee's ward); that she turned said property over to her husband, Samuel P. Rooker, in trust, and requested him to invest the same in real estate, for the benefit and use of their said daughter Mary; that said Samuel took possession of the same, converted it into money, and invested it in the real estate in controversy; that the real estate consisted of a tract of land, described by metes

and bounds, of $36\frac{3}{4}$ x 124 rods, making $28\frac{1}{2}$ acres; that said Samuel took the deed in his own name, on the 22d day of January, 1876, and had it duly recorded on the 29th day of January, 1876; that from that time to the day of his death said Samuel recognized said trust; and, for the purpose of fully executing said trust, and securing to said ward the benefits thereof, the said Samuel, previous to his death, to wit, on the 15th day of August, 1876, made and published his last will and testament, by the terms of which he gave and devised to the plaintiff's said ward all his real estate, together with all his personal property of every nature; which will, after the death of said Samuel, in 1877, was duly proven and admitted to probate; that the title to said land remained in him to the time of his death, and which was the real estate described in the will; that, during the lifetime of said testator, said real estate was sold on an execution to satisfy a judgment against said Samuel, in favor of the Farmers' Friend Manufacturing Company, and was purchased by said company for $125, and was afterward by it sold to appellant, James I. Rooker; that the defendant now holds and asserts legal title thereto, under and by virtue of said sheriff's deed, which was recorded June 15th, 1878; that said defendant is the son of said testator, and, at the time he took said assignment of said certificate and procured said sheriff's deed, had full knowledge of all the facts; and concluding by asking that the land be declared in trust for her, and that her title to the same be quieted.

Do these facts constitute a valid parol trust? The 1st section of the act concerning trusts and powers, 1 R. S. 1876, p. 915, provides that "No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney, thereto lawfully authorized in writing." The 8th section of said act establishes implied trusts in the following cases:

1st. Where a conveyance is taken in the name of the alienee, without the consent of the party paying the purchase-money.

2d. Where the alienee, in violation of some trust, has purchased the estate with money not his own.

3d. Where, by agreement, the party to whom the conveyance was made was to hold the land in trust for the party paying the purchase-money, or some part thereof.

The facts, as stated in this paragraph, do not clearly bring it within either of the foregoing provisions.

It is not alleged that Samuel P. Rooker took the deed in his own name without the consent of his wife, who, it is claimed, furnished the consideration money. It is not charged that he violated any trust by taking the deed in his own name. And it is not averred that he agreed to hold the land in trust for his wife, who furnished the purchase-money. An implied or parol trust can not be created by putting money into the hands of another, to be invested for the use and benefit of a third person. This can only be done by an express trust in writing. *Irwin* v. *Ivers*, 7 Ind. 308 ; *Botsford* v. *Burr*, 2 Johns. Ch. 405 ; *Barnard* v. *Flinn*, 8 Ind. 204 ; *Resor* v. *Resor*, 9 Ind. 347 ; *Gilbert* v. *Carter*, 10 Ind. 16 ; *Miller* v. *Blackburn*, 14 Ind. 62 ; *Bartlett* v. *Pickersgill*, 4 East, 577 ; *Hughes* v. *Moore*, 7 Cranch, 176.

The facts alleged might create a parol resulting trust in favor of Susan, the wife, who furnished the purchase-money, but not in favor of Mary, the daughter, who did not furnish any part of the purchase-money. But whether this be so or not, the 2d section of said act reads : "No such trust, whether implied or created, shall defeat the title of the purchaser for a valuable consideration, and without notice of the trust."

There is no averment in this paragraph of the complaint that the Farmers' Friend Manufacturing Co., at or before it purchased said land at said sheriff's sale, had any notice

Rooker v. Rooker, Guardian.

whatever of said trust. Alleging that appellant knew all the facts, when he purchased the land, is not sufficient. He had a right to appropriate to himself the innocence of his vendor, unless he, with notice, had previously sold the land to his vendor. But it is insisted that a good faith purchaser at a sheriff's sale is not protected from secret equities and unrecorded liens, for the reason that he takes no better title than the execution defendant held, and that he takes it subject to all the secret equities and unrecorded liens that attached to it in the hands of the execution defendant, and that he buys at his own risk. As a general rule, the purchaser of land from another individual gets no better title than his vendor had, and when he takes a quitclaim deed he also purchases at his own risk. But there are well known exceptions to this general rule, and, if he purchases from another, in good faith, without notice, whether he takes a warranty or quitclaim deed, he is protected against secret equities and unrecorded liens. He stands, in equity, in no different light when he so purchases at a sheriff's sale, and there is no good reason why the exception should not apply to that kind of a sale, the same as if he had individually bought from the execution defendant instead of buying under the execution.

While it was formerly considered the law, that the purchaser of a judgment took it subject to all the secret equities and unrecorded liens that it was liable to in the hands of the original judgment plaintiff, now, by a well defined line of decisions, in this court, it is settled that a good faith assignee of a judgment, without notice, is protected from secret trusts and unrecorded liens. See *Flanders* v. *O'Brien*, 46 Ind. 284, where it was decided that a mortgage can not be reformed against a good faith assignee of a judgment. This case was approved, and the same point again decided in the same way, in the case of *Wainwright* v. *Flanders*, 64 Ind. 306. The

same question was so negatively decided, because the assignee had notice, in *Houston* v. *Houston*, 67 Ind. 276, and *Evans Nealis*, 69 Ind. 148, and was again affirmatively decided in the case of *Tuttle* v. *Churchman*, 74 Ind. 311.

If a good faith purchaser of a judgment is protected, by what kind of reasoning can it be fairly said, that a good faith purchaser at a sheriff's sale, under an execution issued upon that judgment, is in a worse condition than the owner of the judgment?

But let us see what the authorities are upon this subject of sheriff's sales. Rorer Judicial Sales, 2d ed., p. 339, sec. 874, contains the following language:

"Whether a *bona fide* purchaser at execution sale, he being a third person, and not the execution plaintiff, and buying without notice, will take the estate free from unrecorded deeds and prior equities, the same as an ordinary purchaser for value by private contract without notice, is a question upon which there is some conflict of authorities. But the later and better doctrine is that the execution purchaser takes the property against all such claims of which he has no notice. The general rule has been extended further, and the prevailing doctrine is, as has been seen, that the sale is equally valid as in favor of a purchase by the execution creditor."

On page 337, sec. 866, is found the further language:

"In other and numerous cases it is held that the plaintiff, as execution purchaser, is protected as a purchaser *bona fide*. In these cases, both in law and in equity, the execution plaintiff, as a general rule, when a purchaser at sheriff's sale in discharge of his own debt is protected to the same extent as third persons or strangers to the suit."

In support of the first clause in sec. 874, he cites the following authorities: *Butterfield* v. *Walsh*, 21 Iowa, 97 ; *Parker* v. *Pierce*, 16 Iowa, 227 ; *Waldo* v. *Russell*, 5 Mo. 387 ; *Jackson* v. *Chamberlain*, 8 Wend. 620 ; *Den* v. *Richman*, 1 Green L. (N. J.) 43 ; *Ohio Life Insurance, etc., Co.* v.

*Ledyard*, 8 Ala. 866 ; *Orth* v. *Jennings*, 8 Blackf. 420 ; *Heister's Lessee* v. *Fortner*, 2 Binney, 40 ; *Kellam* v. *Janson*, 17 Pa. St. 467 ; *Wood* v. *Chapin*, 13 N. Y. 509 ; *Borden* v. *Tillman*, 39 Tex. 262.

In support of the second clause of the same section, he cites the case of *Wood* v. *Moorehouse*, 1 Lans. 405.

In support of sec. 866, he cites the cases of *Butterfield* v. *Walsh*, 21 Iowa, 97 ; *Wood* v. *Chapin*, 13 N. Y. 509 ; *Evans* v. *McGlasson*, 18 Iowa, 150 ; *Butterfield* v. *Walsh*, 36 Iowa, 534 ; *Twogood* v. *Franklin*, 27 Iowa, 239.

In this State, as far back as the case of *Sparks* v. *The State Bank*, 7 Blackf. 469, as against an unrecorded mortgage, BLACKFORD, J., in rendering the opinion of the court, used the following language : "Perhaps a *bona fide* purchaser at sheriff's sale under such judgment might be protected by the statute."

In the case of *Orth* v. *Jennings*, 8 Blackf. 420, the following language is used : "A judgment creditor is not a purchaser within the meaning of the statute, and though it is observed in *Sparks* v. *The State Bank*, that a *bona fide* purchaser at sheriff's sale under the judgment might be protected, it would only be to the same extent that any other purchaser would be protected, dating the purchase at the time the sale took place. Such protection would not be upon the ground of a lien relating back to the rendition of the judgment, for, as we have seen, there could be no such lien ; but it would be afforded because the purchaser at a sale under execution would possess the same rights as a purchaser of the execution defendant."

In the case of *Routh* v. *Spencer*, 38 Ind. 393, p. 397, a *good faith* purchaser at a commissioner's sale, under a partition proceeding, was protected from an unrecorded mortgage, in which case the court says : "We are clearly of opinion that, the said mortgage not having been recorded, and Canady having been a purchaser in good faith and for a

valuable consideration, it is as to him fraudulent and void, and that he holds the property free from any claim or lien of such mortgage."

In the case of *Hampden* v. *Fall*, 64 Ind. 382, p. 388, it was held that a'purchaser at sheriff's sale on the foreclosure of a mortgage given to secure the payment of certain notes, in the hands of a good faith assignee of the mortgagee without notice, was protected from a secret implied trust, by sec. 2, 1 R. S. 1876, p. 915, which provides that "No such trust, whether implied or created, shall defeat the title of the purchaser for a valuable consideration, and without notice of the trust."

In the case of *Catherwood* v. *Watson*, 65 Ind. 576, this same section of the statute was held applicable, and the same principle was enforced in the case of an ordinary sheriff's sale of the property of a replevin bail on a judgment.

Thus, in addition to the doctrine laid down in Rorer on Judicial Sales, *supra*, and the decisions from the different states therein cited, we have five distinct decisions, made by this court, extending over considerable intervals of time, all either directly or indirectly supporting the doctrine, that a good faith purchaser at a sheriff's sale is protected from the secret equities of unrecorded titles and liens, vendor's liens, and implied or created secret trusts. And no case in this court have we been able to find, in which anything to the contrary has been held.

We think this paragraph does not state facts sufficient to constitute a cause of action, and that the court below erred in overruling the demurrer to it, for which the judgment below must be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things reversed, at the costs of the appellee; and that the cause be remanded to the court below, with instructions to sustain the demurrer to the first paragraph of

the complaint, and for further proceedings in accordance with this opinion.

### DISSENTING OPINION.

ELLIOTT, J.—I concur in the conclusion. There are two propositions stated and approved in the principal opinion to which I can not assent. The first of these is, "that a good faith assignee of a judgment without notice is protected from secret trusts and unrecorded liens." I am firmly convinced that a judgment, whether in the hands of the original judgment plaintiff or of his assignee, is not such a lien as will displace or destroy an equity existing prior to the rendition of the judgment. It is incontestably true, that a judgment in the hands of the judgment plaintiff is only a general lien on the actual interest of the debtor, and that it is subject to all existing equities. The mere fact that an assignee buys it does not give it a new force immensely superior to that which it had in the hands of the judgment plaintiff. It seems to me that giving to a judgment in the hands of an assignee a force so vastly increased as to compel existing equities to yield to it, is annexing to the fact of assignment an unreasonable importance. I can not understand on what principle the assignment can be justly held to extend the lien of the judgment to an extent so far beyond its original proportions.

The second proposition, which I regard as erroneous, is, that a judgment plaintiff who buys at his own sale is to be deemed a *bona fide* purchaser, and the title thus acquired held to be superior to existing equities. I do not think a judgment plaintiff can be deemed a *bona fide* purchaser in such a sense as to require the subordination of pre-existing equities to his title. Nor do I believe that the purchase by him adds anything at all to his rights as against equities existing in favor of third persons. His title mounts no higher than his judgment.

NIBLACK, J., concurs with ELLIOTT, J., in his objections to the first proposition above named.