## Cox v. Currier, Sheriff, et al.

1. **Execution:** LEVY: NOTICE OF OWNERSHIP BY THIRD PARTY: INDEMNIFYING BOND: REPLEVIN OF PROPERTY: DUTY OF SHERIFF. The defendant, as sheriff, levied an execution upon certain cattle as the property of O. J. M., the execution defendant, and placed the cattle in the care of C. A. M., wife of O. J. M., taking her receipt therefor, and advertised the property for sale. Afterwards C. A. M. notified the sheriff in writing that she, and not her husband, was the owner of the cattle, whereupon the sheriff demanded and received of the execution plaintiff an indemnifying bond. After this, C. A. M. replevied the cattle from the sheriff, and he made return of the execution, showing the levy, the advertisement, and the replevin of the cattle. The replevin suit was decided adversely to C. A. M , on the ground that she was in possession of the property when the suit was begun, but the ownership of the property was not adjudicated. *Held—First,* that it was error for the sheriff to return the writ until after the termination of the replevin suit; *Second,* that the execution, though so returned, was not dead, the indorsement made thereon not being properly a return, because it showed that the property levied upon had not been disposed of; *Third,* that, after the adjudication of the replevin suit, it was the duty of the sheriff to withdraw the execution from the clerk's office, and thereunder to take the property from C. A. M. and sell it; and for his failure to do so, or to otherwise make whole the execution plaintiff, he was liable to the latter upon his official bond.

2. ———: LIFE OF: SALE AFTER SEVENTY DAYS ON LEVY MADE BEFORE. Although it is provided by statute (Code § 3037) that an execution shall be returned on or before the seventieth day after its delivery to the officer, yet, where a levy has been made before the expiration of that time, a sale after the expiration of the seventieth day is valid; and in such case an *alias* is not necessary. *Butterfield v. Walsh,* 21 Iowa, 97, and *Stein v. Chambless,* 18 Iowa, 474, followed.

*Appeal from Buchanan District Court.*

### Friday, December 14.

This is an action to recover damages for an alleged breach of the official bond of the defendant, Currier, who is sheriff of Buchanan county. There was a trial by the court, and a judgment for the defendants. Plaintiff appeals.

*E. E. Hasner,* for appellant.

*Lake & Harmon,* for appellees.

ROTHROCK, J.—The court made special findings of fact. from which it appears that in February, 1881, the plaintiff recovered a judgment in the circuit court of Buchanan county against O. J. Marcy and J. B Edgell, which with costs amounted to about $242. On the eighth day of February, 1881, an execution was issued on the judgment and placed in the hands of the defendant, as sheriff. On the next day he levied the execution upon eighteen cattle, worth $25 each, which plaintiff's attorney pointed out to him as the property of O. J. Marcy.

1. EXECUTION: levy : notice of ownership by third party : indemnifying bond : replevin of property : duty of sheriff.

After having levied on the cattle, and on the same day, the defendant placed the property in the care of Wm. Brady and Cora A. Marcy, and took their receipt for the same. Said receipt stated that Currier had levied upon the property as belonging to O. J. Marcy, and that Brady and Cora Marcy would on demand deliver the cattle to Currier at his office in Independence, or would pay to Currier the amount of the judgment and all accruing costs.

On the tenth day of February, 1881, Cora Marcy gave the sheriff notice in writing that she claimed to be the owner of the property levied upon, and that O. J. Marcy was not the owner.

On the next day Currier demanded of Cox an indemnifying bond to secure him for levying on the property, and the bond was given on the fifteenth of the same month.

March 5, 1881, Cora Marcy commenced an action in the circuit court for the recovery of the property which had been levied upon, claiming the ownership thereof, and the right of possession. A writ of replevin was issued and placed in the hands of the coroner of the county, who made return thereon that he took the property and delivered the same to Cora Marcy.

On the second day of April, 1881, Currier made return of the execution, showing a levy upon eighteen cattle, and the advertising of the same for sale, and stating that on March

5th the property had been replevied from him by the coroner.

Afterwards Currier filed an answer in the case commenced by Cora Marcy, in which he alleged that at the time she commenced her action she was in the actual possession of the property, and asked that the action be dismissed at her costs. The cause was tried to a jury, and there was a general verdict finding that Cora Marcy was entitled to the property.

Upon questions propounded by her for special findings, the jury found that she purchased the property in her own name, and managed the farm and dairy in her own name.

Upon a special verdict found in response to questions asked by Currier, the jury found that at the time Cora Marcy commenced her action she was in the actual control and possession of the property in dispute.

When the verdict was returned, Cora Marcy moved to set aside the special finding in response to the interrogatories propounded by Currier, and Currier moved that no judgment be rendered upon the general verdict, but that he have judgment for costs, and a dismissal of the action.

The cause was tried in February, 1882, and the motions attacking the verdict were continued to the April term, 1882, at which time the court ordered that the motion of Cora Marcy to set aside the special findings be overruled, and that the motion of Currier for costs on the special findings of the jury on the plea in abatement be sustained—"such ruling not to be taken as an adjudication of the question of ownership of the property." Judgment was rendered against Cora Marcy for the costs of the action. After the entry of this judgment, George Cox, the plaintiff herein, demanded of Currier, sheriff, that he collect the amount due on the Marcy judgment, either on the receipt given him by Brady and Cora Marcy, or by getting and selling the cattle he had levied upon.

No other execution has been issued on the judgment of Cox against Marcy since the decision of the replevin case, nor has there been any writ, process or order placed in the

sheriff's hands for the purpose of enabling him to collect the judgment.

The appellant makes no objection to the findings of fact, but he claims that thereunder there should have been a judgment for the plaintiff. We think his claim is well founded, and we will state our reasons for so holding, very briefly:

*First.* The sheriff having been indemnified by Cox, it was his duty to use all proper means to make the levy on the cattle effective.

*Second.* He should not have made any return on the execution until after the disposition of the replevin suit. The indorsement that he did make on the writ was not properly a return. At that time the levy upon the property remained undisposed of. He should have retained the writ to await the disposition of the suit in replevin.

*Third.* The judgment in the replevin suit expressly provided that it was no adjudication of the question of the ownership of the property. That judgment was merely a holding that Cora Marcy could not maintain an action to recover property of which she was in possession at the time she commenced her action. It was entirely immaterial what verdict was returned. The court adopted the finding that the possession of the property was held by Cora Marcy when she commenced her suit, and the judgment rendered thereon is conclusive between the parties.

*Fourth.* After the adjudication, it was the duty of the sheriff to demand the property of Cora Marcy and Brady on their receipt, and retake it, and, if necessary, apply to the court or clerk to withdraw the execution, and to sell the property. The execution was not dead, so to speak. It showed by the indorsement made upon it that a levy had been made which was not discharged, nor the property levied upon exhausted. Having made the levy, it was competent for the officer to exhaust the property on that execution, no matter what time expired between the levy and sale of the property. It is true, it is provided by section 3037 of the Code that an execution shall be re-

2. ——: life of: sale after seventy days on levy made before.

turned on or before the seventieth day from its delivery to the officer. But where a levy has been made upon property before the expiration of that time, a sale after the expiration of the seventy days is valid. *Butterfield v. Walsh*, 21 Iowa, 97; *Stein v. Chambless & Banford*, 18 Id., 474. In the last named case, it is said that, to authorize a sale of property after the return day, which was levied upon before that time, an *alias* execution is not necessary. We think the judgment of the district court must be

REVERSED.