A. H. BOWMAN, SHERIFF, ET AL. V. FIRST NATIONAL BANK OF NELSON.

FILED JANUARY 18, 1893.   No. 4194.

**Executions:** LIEN OF LEVY ON PERSONALTY: REPLEVIN: LIA-
BILITY OF SHERIFFS.   A sheriff levied an execution upon a quantity of personal property as belonging to one H., the judgment debtor.   A portion of this property was taken under an order of replevin in favor of the wife of H.   She gave a bond and the property was delivered to her.   Afterwards, on the trial of the cause, judgment was rendered against her, whereupon she returned the property to the officer.   He thereupon levied an execution in favor of another party on a part of said property and sold the same and applied the proceeds in satisfaction of said execution.   *Held,* That the lien of the first execution was not divested and that the officer was liable to the first execution creditor.

ERROR from the district court of Nuckolls county. Tried below before MORRIS, J.

*W. A. Bergstresser,* for plaintiffs in error.

*S. A. Searle, contra.*

MAXWELL, CH J.

This action was brought by the defendant in error against the plaintiff in error and the sureties on his official bond for levying a second execution upon property of a judgment debtor upon which the plaintiff in error had previously levied an execution in favor of the defendant in error, by reason of which the plaintiff in error sold the property under the second execution and applied the proceeds of said sale in satisfaction thereof, whereby the defendant in error suffered loss.   On the trial of the cause in the court below the defendant in error recovered.  The only question presented to this court is the sufficiency of the petition.

The petition shows the corporate existence of the bank; the election, qualification, and bond of Mr. Bowman; "that on the 12th day of April, 1887, the defendant in error recovered two judgments against one H. H. Speer in the county court of Nuckolls county, one for $858.50 and the other for $814.50 and costs; that on the 11th of January, 1888, executions were issued on these judgments and delivered to a deputy of the defendant, who levied the same upon a large amount of property (describing it) of one H. H. Speer; that afterwards, on the 24th of the same month and before the day of sale of said property under said executions a portion of the property (describing it) was taken under an order of replevin in an action by Eva A. Speer as her own property; that she executed a bond in said cause, which was duly approved and the property delivered to her.   That on said 10th day of February, 1888, the county judge of said county, issued out of said court at the request of the plaintiff herein, two certain orders of sale, upon said judgments, directed to the defendant A. H. Bowman, sheriff of said Nuckolls county, commanding him that the said personal property, so levied upon by him in behalf of said plaintiff as the property of H. H. Speer (describ-

ing the property) which remains unsold, that he come at the same as soon as possible and expose to sale, to satisfy said judgments hereinbefore referred to, giving amounts of each in each order of sale; in the one, however, naming the increase costs $67.95 and reciting payment thereon in the sum of $22.85, which orders of sale were in due form, ordering the sheriff to pay the money so made to the party entitled thereto, and making each returnable in thirty days from said 10th day of February, A. D. 1888, which orders of sale were then and there delivered to said defendant.

"11. That said replevin suit of Eva A. Speer then pending in said court was continued on the return day to the first day of the February term of said court, and then set for trial in said court on the 17th day of February, A. D. 1888.

"12. That on the 27th day of January, A. D. 1888, the firm of Crawford & Hutchinson caused an execution to be issued out of the district court of Nuckolls county, Nebraska, in a cause and upon a judgment rendered in said district court, wherein said Crawford & Hutchinson were plaintiffs and the said H. H. Speer was defendant, directed to the sheriff of said county, the defendant herein, and on same day delivered to him for service, which execution was against the said H. H. Speer alone, and not against Eva A. Speer.

"13. That said defendant sheriff thereupon wrongfully levied the said execution in favor of Crawford & Hutchinson, upon a large portion of the said property so replevied by the said Eva A. Speer from said defendant's deputy as aforesaid, and so held by said Eva A. Speer under her replevin bond pending the trial of said replevin cause, which was at that time still pending and undetermined, and among other property so by the defendant wrongfully levied upon was the twenty-four head of cattle hereinbefore specifically enumerated and described; the said defendant sheriff then and there knowing, and having due notice of the plaintiffs'

rights in the premises and their said prior levy, and then and there having in his possession their said order of sale with instructions from the plaintiffs herein to levy and collect the same, on said property, so soon as, and in case of determination of said replevin suits should be had in favor of said sheriff, who justified his rights in said replevin suit under and by virtue of the said first execution so held by him and levied in favor of the plaintiffs herein.

"14. That said replevin suit of Eva A. Speer was tried in said county court an February 17th and 18th, the jury bringing in their verdict on February 19th, on which was rendered a judgment in due form, awarding to defendant therein who justified as aforesaid under plaintiffs' executions, a return of said property (including the cattle hereinafter described with other property) and in case a return could not be had, that he recover the value of his possession of same in the sum of $1,037.66 and that defendant recover his costs therein expended, taxed at $110.35, the plaintiffs herein furnishing counsel and every assistance in their power to and for said officer, defendant in the trial of said cause.

"15. That the defendant having advertised said property so by him wrongfully levied upon as aforesaid, on the 27th day of January, 1888, for sale under said execution of Crawford & Hutchinson on February 20, at 10 o'clock A. M., the jury in said replevin cause having found against Eva A. Speer, and a judgment having been thereon ordered in due form before said sale was had, the said Eva A. Speer demanded of said defendant sheriff that he receive said property in satisfaction of said replevin judgment and then and there forbid his selling said property, or any of it, that had been in controversy in said replevin suit under said execution, in favor of Crawford & Hutchinson, which notice and tender and demand of said Eva A. Speer was made upon the said defendant before the opening of said sale on the morning of the 20th day of February, 1888.

"16. That said plaintiffs by their attorney, on said 20th day of February, A. D. 1888, notified said sheriff that said plaintiffs claimed the right to have said cattle and other property so by him levied upon under their said executions and orders of sale in favor of said First National Bank, and forbid his selling said property that had been involved in said replevin suit (and which was then and there turned over to said defendant sheriff, or attempted to be so returned to him) under said execution in favor of Crawford & Hutchinson against said Eva A. Speer, and then and there demanded of said defendant that he advertise and sell the whole of said property so in controversy under their said two executions and orders of sale.

"17. That said defendant, in violation of his duty and obligation to plaintiffs herein, refused to receive said property under plaintiffs' executions and orders of sale issued on their said judgments hereinbefore mentioned, but proceeded to sell, and did sell, the following goods, chattels, and property, to-wit: one white cow, one horn broken; one white last spring's calf; one red heifer, three years old past; one yellowish cow; one red and white cow, one horn broken; one red and white heifer; one yearling calf; one red heifer, three years old; one red cow, some white in face; one red and white cow; one red heifer, coming two years old; one red heifer calf; one red and white spotted heifer; one red and white steer calf; one red cow; one red and white cow; one roan cow; one spotted steer calf, with white face; one spotted steer calf, with white face; one red and white heifer calf; one spotted cow; one roan cow; one white steer calf, and one red steer calf, being twenty-four head of cattle in all, and of the value of $600, which said cattle were a portion of the cattle so by said sheriff levied upon under plaintiffs' executions and which said cattle were also included in the number of cattle so by said Eva A. Speer replevied from the defendant sheriff, the right to the possession of which

were found and adjudicated to be in the defendant sheriff, he claiming them under said plaintiffs' executions and by the said Eva A. Speer attempted to be returned to the said defendant sheriff, which said cattle the defendant wrongfully sold under said executions in favor of said Crawford & Hutchinson on said 20th day of February, A. D. 1888, and paid the proceeds of said sale into the district court of said county, which proceeds have since been paid to said Crawford & Hutchinson, by reason of which said wrong· ful sale by said sheriff plaintiffs' lien upon and right to have it sold under plaintiffs' executions and orders of sale has been lost and said property has been scattered and placed out of the reach of said plaintiffs and the proceeds thereof cannot be applied to the payment of plaintiffs' debt, to plaintiffs' damage.

"18. That the said H. H. Speer is wholly insolvent and has no property, either real or personal, out of which said plaintiffs can collect their debt and judgments.

"19. That no part of plaintiffs' debt and judgments hereinbefore described has been collected and paid, except the sum of $315.24, which was the amount realized from the sale of the balance of said personal property so returnd by Eva A. Speer to said defendant sheriff (except one herd pony and said twenty-four head of cattle), which last named sale was had by said defendant under plaintiffs' orders of sale hereinbefore described, on the 5th day of March, A. D. 1888, the proceeds of which sale were $406.72, and the additional costs were $46.38 in addition to the $67.95 increase costs hereinbefore named and set forth.

"20. That the said replevin suit of Eva A. Speer is fully settled and determined, and that she, or her bondsmen for her, have paid the costs adjudged against her as aforesaid.

"21. That said defendant A. H. Bowman did not faithfully perform the duties of his said office as required by law, and has wholly failed to perform the same as hereinbefore

set forth, to the plaintiffs' damage in the premises in the sum of $600, together with interest thereon from the 5th day of March, A. D. 1888.

"Wherefore said plaintiffs pray judgment against said defendants for said sum of $600 and interest thereon from the 5th day of March, A. D. 1888, and for costs of suit."

It will thus be seen that the defendants in error had acquired a lien on the property in controversy by the levy thereon. A sale under this levy was suspended by the action in replevin, but was not divested. The property is shown to have belonged to H. H. Speer, and, so far as appears, was liable to be taken for the payment of these debts. This being so it was the duty of the officer to have sold the property under the writs of *venditioni exponas*, and as he failed to do so, but sold it under a second execution and applied the proceeds to the satisfaction thereof, he is liable. A case somewhat similar to this was decided by the supreme court of Iowa (*Cox v. Currier*, 62 Ia., 551), and it was held to be the duty of the officer to sell the property under the levy. It is very clear that the petition states a cause of action and there is no error in the record. The judgment is therefore

AFFIRMED.

THE other judges concur.