Ramsey et al. *v.* Liston et al., Adm'rs, etc.

---

AQUILLA M. RAMSEY *et al.*, Plaintiffs in Error, *v.* WILLIAM LISTON *et al.*, Administrators of William C. Morgan, deceased, Defendants in Error.

ERROR TO CLAY.

Chancery may enforce the specific performance of a parol contract for the convey-
·   ance of land, (notwithstanding the statute of frauds,) where the consideration
    has been paid, and the purchaser has taken possession.

THIS was a suit instituted on the chancery side of the Clay Circuit Court, and was heard and decree rendered finally in that court upon bill, answers, replication, and depositions of witnesses. This bill was filed by William Liston and Joseph D. Morgan, administrators of the estate of William C. Morgan, deceased, against Aquilla M. Ramsey and Cam McBride, and the widow and minor heirs of decedent, for specific performance, and for an order to sell land.

The bill, after stating *pro forma* the death of William C. Morgan, the heirs of him surviving, and their appointment as administrators, states that shortly before decedent's death, he contracted by parol for and bought of Ramsey, a certain lot in Xenia, Clay county, and in his lifetime paid in full therefor, and having improved the same, took possession thereof by a tenant; that said payment was made in other real and personal estate in Marion county; that Ramsey promised by parol to give a deed for said lot. That defendant has failed to do so. That at the sale, Ramsey represented that the title was in defendant McBride, who gave him a bond therefor, whom he had partly paid; that Ramsey has since paid the whole, and is entitled to a deed from McBride; that decedent's personal property is

inadequate to pay his debts, wherefore an order of sale of that lot becomes necessary.

The minor defendants answered by guardian *ad litem*, and the bill was taken as confessed against McBride and decedent's widow. The defendant Ramsey, by his answer, denies the contract and payment as in bill, and states the exact contract made; that he performed his part of said actual contract; that decedent and his representatives have failed as to their part; that said failure prevented his conveying the lot in question, but on performance by complainants of said actual parol contract, will do so, and states in detail his doings; pleads the statute of frauds and perjuries against said contract to sell said lot in bill stated, as well as to the actual contract.

The decree directs defendant Ramsey to execute a deed of the lot in question, and on his default that the master do so, and directs sale as prayed. It decrees specific performance of the contract in bill, and does not notice that set up in the answer and depositions.

The defendant in the court below, Aquilla M. Ramsey, now brings this case into this court, and assigns the following causes of error:

That the court below erred in rendering the final decree rendered by it in this case;

It affirms a contract which in the bill is stated as "by parol," and as affecting real estate, to wit, a house and lot in Xenia, and decrees its specific performance, although the plaintiff in error specially pleads, in his answer, the statute of frauds and perjuries in bar thereto;

For that the court overlooked the case set up in the answer of plaintiff in error, that the actual contract was not that stated in bill, but a different one which he sets out, which other contract was also by parol, and pleads it is void as against the statute of frauds and perjuries;

For that the court overlooked the depositions, which show that the actual contract was that stated in the answer, and not that alleged in the bill, yet the court sustained the contract in bill upon a state of facts proven foreign to the contract stated in the bill, and which facts sustained that stated in the said answer of plaintiff in error.

HAYNIE, CONSTABLE & WILLARD, for Plaintiffs in Error.

S. L. BRYAN, for Defendants in Error.

CATON, C. J. We are of opinion that this decree should be affirmed. There is not the discrepancy between the contract set

out in the bill, and that established by the proof, which the plaintiff in error supposes.   The contract was by parol, and is in the bill stated in general terms.   It avers the purchase of the lot in question, by the deceased, of Ramsey, and that the consideration had been paid, and asks that the lot be conveyed, in pursuance of the purchase, and that it be sold, and the proceeds applied as assets.   The proof, we think, sustains this allegation.   The bill does not attempt to state precisely what the consideration was, nor how it was paid, but this is explained by the proof.   This general statement should have been taken advantage of, if at all, by demurrer.   It could not be objected on the hearing.   The objection that the Burge lot has not been conveyed to the defendant Ramsey, is answered by the fact that Ramsey was to pay the balance due to Burge, and get the title from him ; and when he pays that balance, he will no doubt be entitled to a deed from Burge. The non-delivery of the circular saw is the only appearance of a valid objection to this conveyance, and this we do not think should prevail.   Both before and after the death of the decedent, Ramsey declared himself ready to convey the property, or that the deceased was entitled to a conveyance.   He has received the mill property, for which this lot was to be conveyed in part payment only, and if he did not furnish a new saw for the mill, as he should have done, the proof leads strongly to the conclusion that the money payments have not all been made by Ramsey, which he agreed to make for the mill property which he has received.   Those matters may very well be settled before the probate court.   He has received the mill property, and is enjoying it, and agreed to convey this lot as a part payment for it ; and we think the court properly directed that it should be done.   Chancery may enforce the specific performance of a parol contract for the conveyance of land, notwithstanding the statute of frauds, where the consideration has been paid, and the purchaser has taken possession.   The decree is affirmed.

*Decree affirmed.*