FRANCIS KEYS, impl'd, &c.,

*v.*

OAKLEY V. TEST.

1. ESTOPPEL. Where the owner of land makes a *bona fide* sale thereof by parol, for a valuable consideration paid, and his vendee takes possession and makes valuable improvements, and afterwards such vendee, with the knowledge of his vendor, and at his instance, sells and conveys the premises to a third person, for value, the original vendor at the time disclaiming all title and thereby inducing the purchase from his vendee, such original vendor is thereby estopped from setting up his title afterwards.

2. SPECIFIC PERFORMANCE — *parol sale of land.* The first vendee in such case can compel his vendor to execute a deed.

3. SAME — *subsequent purchaser.* And the *bona fide* assignee of such vendee ought to be in the same position.

4. STATUTE OF FRAUDS — *parol sale of land.* Where there is a fair sale of land, by parol, for a valuable consideration paid, possession taken and lasting improvements made, the case will thereby be taken out of the statute of frauds.

5. NOTICE — *possession of land.* Open and notorious possession of land is sufficient to put subsequent purchasers upon inquiry as to the rights of the one in possession, and operates as notice to them of a claim to the land.

6. BONA FIDE PURCHASERS — *what constitutes.* To constitute a subsequent purchaser a *bona fide* purchaser, as against a prior purchaser, the former must have actually paid a consideration.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was a suit in chancery, instituted, originally, in the Circuit Court of Pike county, by Oakley V. Test against Francis Keys, Nimrod B. McPherson, and Charles W. Troy; and the cause was removed into the Circuit Court of Adams county on change of venue.

The case, as presented in the original and amended bills of the complainant, is this: About the year 1854, one Nimrod B. McPherson, owned, in fee simple, the southwest quarter of the northwest quarter of section sixteen, township three, south of range four west, situate in Pike county, on which there was a frame house, in which he resided; he was in possession of the whole tract, about twenty acres of which were in cultivation. It is alleged that Nimrod sold, and agreed, by parol, to convey this land to his father, Benjamin, for $800, or thereabouts; that about the time of the sale Benjamin, the purchaser, paid the whole of the purchase-money for the land, and shortly afterwards took possession, and made lasting and valuable improvements thereon, and continuing to occupy the premises until he sold and conveyed them to James Hummer, which he did during the same year, with the full knowledge of Nimrod, for the sum of $800.

Hummer went into possession immediately upon his purchase, claiming under his deed, and thus continued to occupy the premises until the year 1856, when he sold and conveyed to Oakley V. Test, the complainant, for the sum of $1,000, paid. Test thereupon took possession, and remained in possession up to the time of the commencement of this suit; having in the meantime inclosed, improved and put in cultivation about four acres of the land, erected a wheat granary, and made other lasting and valuable improvements thereon. These several conveyances were duly recorded on the 28th of December, 1859; on which day, the complainant alleges, Nimrod B. McPherson, in fraud of the rights of the complainant, for an expressed consideration of $1,000, conveyed the premises to his brother-in-law,

Charles W. Troy, the complainant being, at the time, in actual possession, claiming to be the owner. It is set forth that one Francis Keys claims some interest in the premises, under Troy, and subject, as it is insisted in the bill, to the rights of the complainant, who claims under the parol sale from Nimrod to his father. The complainant prays that Keys be compelled to make conveyance to him, and that all persons be enjoined from any proceedings to recover the premises, and for general relief.

Keys answered the bill, denying all the allegations therein in regard to a sale of the land by Nimrod B. McPherson to his father, the delivery of possession by him or any one under him, and the making of improvements thereon. Keys sets up and insists upon the statute of frauds, as applicable to the alleged sale by Nimrod to his father, which is claimed to have been by parol. Keys then states that about the 28th of December, 1859, Nimrod B. McPherson conveyed said premises to Charles W. Troy, by deed, recorded about that time, for a valuable consideration, and Troy, for a valuable consideration, conveyed to said Keys, who claims to be an innocent purchaser, without notice of any equities.

The bill was taken as confessed as to the other defendants; and the cause coming on for a hearing, proofs were introduced sustaining the principal allegations in the bill.

The court decreed that complainant had the equitable title to said premises, and that Nimrod B. McPherson convey said premises to said Test, and that the title of Troy and Keys was fraudulent and void as to said Test, and enjoined them perpetually from all actions to recover the premises; that the deeds from B. McPherson to Troy, and from Troy to Keys are fraudulent and void against complainant and all claiming under him.

From that decree Keys took this appeal, and now insists the allegations in the bill are not sustained by the proofs; that the alleged parol sale by Nimrod B. McPherson to his father was void under the statute of frauds; and that he is a subsequent *bona fide* purchaser without notice.

Messrs. GRIMSHAW & WILLIAMS, for the appellant.

Messrs. SKINNER & MARSH, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The evidence in this record establishes beyond a reasonable doubt the fact of a *bona fide* sale for a valuable consideration paid, and possession immediately taken thereof, of the farm of Nimrod McPherson, to his father Benjamin McPherson, and of the subsequent sale by Benjamin, with the assent and partial procurement of Nimrod, to one Hummer, who paid full value for it, and went into possession, claiming it as his own by this purchase. Hummer remained on the premises, so claiming, about eighteen months, and sold it for value to the complainant Test, who went into possession and made valuable and lasting improvements thereon. The sale by Benjamin to Hummer was with the knowledge, and, from the testimony of Brewer, at the instance of Nimrod, who at the time disclaimed all title to it in himself, and said he had sold it to his father Benjamin. In equity he is estopped from setting up his title now. He has by his own declarations and acts induced the purchase from Benjamin, and he cannot now in the absence of all *fraud*, be allowed to allege against them.

It is very clear Benjamin McPherson could have compelled a a deed under this proof from Nimrod, and his *bona fide* assignee for value ought to be in the same position. We are satisfied, from the testimony of the two Matthews, Brewer and Boggess, that here was a fair sale for a valuable consideration of this property, possession taken and lasting improvements made, which, under repeated decisions of this court, are sufficient to take the case, and do take it out of the operation of the statute of frauds and perjuries, however much we may regret courts have reached such a conclusion. *Ramsey* v. *Liston*, 25 Ill. 114; *Stevens* v. *Wheeler*, id. 300; *Blunt* v. *Tomlin*, 27 id. 93. The open and notorious possession by the complainant of this land was sufficient to put subsequent purchasers on inquiry, and

operates as notice· to them of a claim to the land. The case of *Doyle* v. *Teas*, 4 Scam. 202, is full on this point.

The purchasers under Nimrod, after his sale to his father of the premises, claim to be *bona fide* purchasers. To make them such they should allege and show a consideration actually paid. This they have not done. *Brown* v. *Welsh*, 18 Ill. 343.

We perceive no error in the decree, and therefore affirm the same.

*Decree affirmed.*