ELIZA R. SMITH

*v.*

SAMUEL H. YOCUM.

*Filed at Ottawa May 19, 1884.*

SPECIFIC PERFORMANCE—STATUTE OF FRAUDS—*verbal agreement by a father with his son as to a tract of land—part performance.* Where a father made a verbal agreement with his son, that if the latter would remain in this State and go upon and live on an eighty-acre tract of land of the former, and improve it, it should be the son's after the father's death, the son to pay a certain share of the crops during his father's life, which contract was fully performed by the son, it was *held*, that the acts of part performance were sufficient to take the case out of the Statute of Frauds, and that a specific performance after the father's death was properly decreed, as against the other heir.

APPEAL from the Circuit Court of La Salle county; the Hon. JOSIAH McROBERTS, Judge, presiding.

On the 25th day of May, 1882, Samuel H. Yocum filed his bill in chancery in this case, alleging, in substance, that in the spring of 1875 complainant resided in Grand Ridge, in the county of La Salle, in this State, and was then intending to remove with his family to the State of Missouri or Kansas; that John Yocum, father of complainant, knowing of such intention, and being then the owner in fee of the south-west quarter of section 22, town 32, range 3, east of the third principal meridian, in La Salle county, and being also the owner in fee of the south half of the north-west quarter of section 15, town 32, range 3, east, in said county, and not wishing his son to move west, as intended, agreed with him that if complainant would move on said eighty-acre tract of land, and occupy and farm the same, and render to John Yocum, yearly, one-half of the grain raised thereon, so long as he (John Yocum) might live, and would improve the premises in such manner as to complainant might seem best, and

would let a certain cattle transaction between them go into the land,—being a claim of complainant against John Yocum for about $700, growing out of dealings in cattle between them,—that he (John Yocum) would pay all taxes on the eighty-acre tract so long as he lived, and that upon his death said eighty-acre tract should be the absolute property of complainant. The bill further alleged that complainant, in pursuance of and in reliance upon the agreement, moved with his family on the land, farmed and improved it, and gave his father one-half the grain raised thereon, down to the time of his death, (March 19, 1882,) with the exception of one year, (1877,) when he lived with his father, at the latter's request. The other surviving child was made defendant, and the prayer of the bill was for a conveyance. The answer put in issue the making of the alleged agreement, and the performance thereof, and set up the Statute of Frauds. Upon hearing, on proofs taken, the circuit court decreed in accordance with the prayer of the bill, and the defendant appealed.

Messrs. LELAND & GILBERT, and Messrs. DUNCAN & O'CONNER, for the appellant:

In a case of this character the proofs must be clear and satisfactory. Story's Eq. Jur. sec. 764.

To take a case out of the Statute of Frauds, on the ground of part performance, it is indispensable that the acts done should be referable exclusively to the contract. Story's Eq. Jur. secs. 764–767; *Wallace* v. *Rappleye,* 103 Ill. 231.

Possession under a father, or other near relative who stands *in loco parentis,* is insufficient to take a contract out of the statute, although attended by the making of valuable improvements, because the relationship between the parties tends to rebut the presumption which would have arisen had the parties been strangers. 1 Lead. Cases in Equity, 1051, and cases there cited; *Hand* v. *Goodrich,* 33 N. H. 32.

A court will enforce a contract within the statute only when there have been such acts of performance by the party asking the relief, that he would suffer an injury amounting to a fraud by a refusal to execute the agreement. *Wallace* v. *Rappleye*, 103 Ill. 231.

Messrs. MAYO & WIDMER, for the appellee:

Specific performance of a parol contract will be enforced, notwithstanding the Statute of Frauds, when the consideration has been paid and possession taken by the purchaser. *Ramsey et al.* v. *Liston*, 25 Ill. 114.

So, too, a promise or agreement, made by a father to a child, to convey a tract of land if the child will take possession and improve the same, when followed by possession, and the expenditure of labor and money in making lasting and valuable improvements, may be regarded as resting upon a valuable consideration, and will be upheld in a court of equity. *Langston* v. *Bates et al.* 84 Ill. 524; *Bright et al.* v. *Bright*, 41 id. 97; *Kurtz et al.* v. *Hibner et al.* 55 id. 514; *McDowell* v. *Lucas et al.* 97 id. 489; *Bohanan et al.* v. *Bohanan*, 96 id. 591.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

It is insisted the proofs do not sustain the allegations of the bill. There is direct evidence of the agreement, as alleged in the bill, in the testimony of the witness Gordon that he was present and heard the making of the agreement between the parties. There is the corroborative testimony of as many as six other witnesses, of declarations made by John Yocum, very strongly confirmatory of the existence of a contract that complainant was to have the land. These statements were all made to the different witnesses on different occasions, and in some cases they were repeated to the witnesses at several different times, and many of them were made under circum-

stances entitling them to more weight than should attach to ordinary loose declarations.

There is some impeachment of the witness Gordon, and there are some circumstances attending his testimony which are urged as affecting its credibility, and it is insisted the witness is not worthy of belief, and there are circumstances in the case which are commented upon as adverse to the idea that there was the agreement alleged. Without going more into particulars, we will say that after a careful consideration of all that is urged in depreciation of the testimony on the part of the complainant, and giving it due weight, the conviction remains upon our minds, from the evidence, that there existed, here, an agreement between the father and son, that if the latter would stay here, and go upon and live on this place, and improve it, it should be his after his father's death. The proof shows that in the same spring, after the making of the contract, complainant moved on the land, and ever since, until his father's death, did occupy, cultivate and make improvements upon it, with the exception of one year, when he lived with his father, at the latter's request. We think the agreement has been established here with the clearness and satisfaction which is required in the case of a parol contract respecting land, and that the acts of part performance shown are sufficient to take the case out of the operation of the Statute of Frauds, under former decisions of this court. *Ramsey* v. *Liston,* 25 Ill. 114; *Bright* v. *Bright,* 41 id. 97; *Kurtz* v. *Hibner,* 55 id. 514; *Langston* v. *Bates,* 84 id. 524; *Bohanan* v. *Bohanan,* 96 id. 591; *McDowell* v. *Lucas,* 97 id. 489.

The decree must be affirmed.

*Decree affirmed.*