Hoover v. Redmond.

JOHN HOOVER

v.

RACHEL REDMOND.

| 15 | 427 |
| --- | --- |
| 204s | ²636 |

1. STATEMENT.—A suit in equity, brought by appellee, to set aside a sale of land, made under an execution issued on a judgment obtained by appellant against appellee's two sons, and to remove the cloud upon the title caused by such sale. On May 15, 1879, appellant recovered the judgment at law. About a month before this judgment became a lien on the land, the property in question was conveyed by the son to appellee for $2,400, but the scrivener made a mistake in the deed in describing the land, writing the east half instead of the west half, as intended by the parties. In August, 1881, the same scrivener attempted to correct the mistake by erasing the word "west" and inserting "east," and the deed as thus attempted to be corrected was again filed for record. December 14, 1882, the land was sold as the son's property under an execution issued on the said judgment.

2. POSSESSION AS NOTICE.—Where at the time a son attempted to convey certain land to appellee, his mother, it was occupied by his brother, and a few days after she purchased the land appellee removed some bedding and a rocking chair into a bedroom occupied by her son, and took up some shrubbery and planted it on such land, but the son still occupied the house, and she did not take actual possession of the land and reside in the house until several months after appellant's judgment against her son had become a lien on the land. Held, that putting the few things in one of the rooms of the house and transplanting the shrubbery was not such an open,

visible, notorious and exclusive possession as was calculated to put appellant upon inquiry. But had it been shown that the son, who was in possession at the time of the sale by his brother, was appellee's tenant, then his pos- session would have been her possession, and inquiry should have been made of him.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed November 21, 1884.

Mr. A. J. FRYER, for appellant; as to notice by possession, cited Hassett v. Johnson, 48 Ill. 72; Winkler v. Meister, 40 Ill. 349.

In bill to remove cloud, title must be shown: Hutchinson v. Howe, 100 Ill. 19; Hopkins v. Granger, 52 Ill. 509; West v. Schnebly, 54 Ill. 523; Emery v. Cochran, 82 Ill. 65.

Mr. HORACE S. CLARK and Mr. CHAS. BENNETT, for appellee; that a freehold is involved in this case and therefore the appellate court has no jurisdiction, cited R. S. 1883, 340, § 25; Hutchinson v. Howe, 100 Ill. 11; Gage v. Busse, 94 Ill. 590.

DAVIS, J. This was a suit in equity, brought by appellee to set aside a sale of land, made under an execution issued on a judgment obtained by appellant against John and Benjamin Redmond, sons of appellee, and to remove the cloud upon the title caused by such sale.

It appears by the record that on the 15th day of May, 1879, appellant recovered a judgment at law against John and Ben- jamin Redmond in the Circuit Court of Coles county, and within a year thereafter an execution was issued on the same, by virtue of which the judgment obtained by appellant be- came a lien on the lands of John and Benjamin Redmond for the period of seven years. On the 14th of December, 1883, the land in controversy was sold as the property of John Redmond, under an execution issued on such judgment, and was purchased by appellant for the amount of his judgment, interest and cost.

On the 17th of April, 1879, about a month before the judg-

ment of appellant became a lien upon the land of John Red-
mond, he attempted to convey, by deed, to his mother, Rachel
Redmond, the west half of the northeast quarter of section
thirty-five, town fourteen, north, range eight, east, in Coles
county, Illinois, which appellee claims she purchased on that
day from her son, John Redmond, for the sum of twenty-four
hundred dollars, but the scrivener who wrote the deed made
a mistake in describing the land which the parties intended
should be conveyed, he describing it as the east half instead
of the west half of the northeast quarter of the section.   This
deed, shortly after its execution, was recorded as executed,
and about the 1st of August, 1881, or about the time of the
discovery of the mistake in the description of the land, the
same scrivener who committed the original mistake attempted
to correct it by erasing the word "east" and inserting the
word "west" in the deed which he originally drew, and the
deed as thus attempted to be corrected was again recorded.

At the time John Redmond attempted to convey the land
to appellee, it was occupied by Benjamin Redmond, and
appellee resided on a farm near by.  A few days after she
purchased the land she moved some quilts, double coverlets
and a rocking chair into a bedroom not occupied by her son,
Benjamin, which he was willing she should use.  After she
had purchased the land and before the 15th day of May, 1879,
she took up some shrubbery and pie plant roots and moved
them from where she was living to the land she purchased,
also rose bushes, peonies, pinks, and some currant bushes,
and trimmed and trained up on wires her grape vine.   She
took actual possession of the land and commenced residing in
the house on the premises a few days before the 1st day of
January, 1880, but several months after the judgment of
appellant had become a lien on the land.

On the case, as made by the evidence, the court below de-
creed that the judgment obtained by the said John Hoover
was no lien upon the land in controversy as against appellee,
and that the levy, sale and purchase were null and void, and
that said John Hoover should be forever enjoined from taking
out any deed under his certificate of purchase, and pay the
costs.

To reverse this decree, appellant prosecutes this appeal.

On the trial in the circuit court, appellee was sworn as a witness, and testified to actual notice given by her to appellant, while the latter, who was also sworn as a witness for himself, testified with equal directness and as positively that he had never received any notice from appellee, or any one else, that Mrs. Redmond had purchased the land in controversy, or had any interest whatever in the same.

On the question of actual notice, the evidence being, as we conceive, equally balanced, it remains to be determined whether the decree of the court below can be sustained on the ground that appellee had such possession of the premises at the time appellant's judgment became a lien upon the land, as put him and all others dealing with the property upon inquiry, which, if properly prosecuted, would have led to the knowledge of appellee's claim of title to the land and of the mistake made in the description of the land in the deed under which she claimed to hold the premises in controversy.

The law in this State is, that notice by possession of the premises, to be sufficient, must be of that open, visible character which from its nature is calculated to apprise the world that the property has been appropriated and is occupied; also who the occupant is, or from which the occupant may be readily ascertained. It must be of such a character as, in its nature, is calculated to arrest the attention, and put any other person claiming title, upon inquiry. Truesdale v. Ford, 37 Ill. 210; Keys, impleaded, etc., v. Test, 33 Ill. 316; Strong et al. v. Shea et al., 83 Ill. 575.

Such actual, notorious and visible possession of premises is sufficient notice to a subsequent purchaser, either at a private or judicial sale, of the occupant's interest and title. Phillips v. Pitts & Co., 78 Ill. 73.

When the judgment of appellant became a lien on the land of John Redmond, appellee was residing with her family on another farm in the neighborhood, and the land in controversy was actually occupied by Benjamin Redmond, and was in his open and visible possession. There was nothing to indicate to appellant or any other person who might wish to purchase

the land, that appellee claimed any interest or title whatever to the premises. The few acts she did while residing with her family on another farm in the neighborhood, such as removing shrubbery, rose bushes, currant bushes and the like, and putting a few things in one of the rooms of the house on the premises occupied by Benjamin Redmond, which a stranger might reasonably suppose belonged to the family in possession, was not such an open, visible, notorious and exclusive possession as was calculated to inform persons in the vicinity and those seeing the property, that some person had appropriated it and was using and occupying it for his own use. These acts were not calculated to arrest attention and put prudent and careful persons on inquiry to ascertain whether the person doing such trifling acts had any claim or title to the land upon which they were done. Had it been shown that Benjamin Redmond, who was in the actual possession of the land at the time it is claimed to have been sold by John Redmond to appellee, was the tenant of appellee, then his possession as such tenant would have been her possession, and inquiry should have been made of him, and if so made, appellant would have obtained full knowledge of the claim of appellee to the land, and of the mistake made in the deed conveying it to her. But no proof of such tenancy was made.

We think the evidence fails to show that appellee had such possession of the premises as put appellant on inquiry, and that failure to make such inquiry does not deprive him of the character of an innocent purchaser. The evidence therefore fails to sustain the decree of the court below, and it must be reversed and the cause remanded.

Decree reversed.