Hawes, Administrator, *v.* Chaille *et al.*

Filed Oct. 29, 1891.

---

No. 15,313.

## HAWES, ADMINISTRATOR, *v.* CHAILLE ET AL.

VENDOR AND PURCHASER.—*Bona Fide Purchaser.—Notice.*—Notice, either actual or constructive, before the payment of the purchase-money, prevents the acquisition of the character of a *bona fide* purchaser.

SAME.—*Constructive Notice.*—One who has notice of such facts as would put a reasonably prudent man upon inquiry is charged with the knowledge that an inquiry, reasonably prosecuted, would impart.

SAME.—*Vendor's Lien.—Bona Fide Purchaser.*—An administrator's deed contained nothing showing that the purchase-money was not fully paid. The proceedings prior to the order of sale showed merely that for part of the purchase-money notes were executed. The order of sale required the administrator to take freehold sureties, and his report of the sale indicated that he did take such sureties, though he did not in fact do

so. The defendants purchased the land from the grantees of the administrator after the purchase-money notes became due. The administrator brought an action to enforce a vendor's lien on the land in their hands.

*Held,* that the defendants were not chargeable with notice of such a lien, and that it could not be enforced.

From the Daviess Circuit Court.

*J. C. Billheimer, J. Downey, A. J. Pagdett* and *A. Paget,* for appellant.

*W. R. Gardiner, S. H. Taylor* and *C. G. Gardiner,* for appellees.

ELLIOTT, J.—Heffron and Hawes executed to the appellant two promissory notes in part payment of the purchase-money for land sold to them, under an order of court, by the appellant as administrator of the estate of Ormes Thomas, deceased. The appellees are purchasers of the land from Hawes and Heffron, and the question in the case is whether a vendor's lien can be enforced against the land in their hands.

If the appellees are *bona fide* purchasers in all that the term implies, the lien can not be enforced, for it is a fundamental principle of equity jurisprudence that a vendor's lien can not be enforced against land in the hands of a *bona fide* purchaser. Whether the appellees occupy the strong and favored position of *bona fide* purchasers depends upon whether they did or did not have actual or constructive notice before payment of the purchase-money. It is well settled that notice before payment of the purchase-money prevents the acquisition of the character of a *bona fide* purchaser. *Lewis* v. *Phillips,* 17 Ind. 108 ; *Dugan* v. *Vattier,* 3 Blackf. 245 ; *Rhodes* v. *Green,* 36 Ind. 7 ; *Anderson* v. *Hubble,* 93 Ind. 570, and authorities cited ; *Blanchard* v. *Tyler,* 12 Mich. 339 ; *Keys* v. *Test,* 33 Ill. 316. It is also equally well settled that the notice may be actual or constructive. There is, in general, constructive notice where the facts are such as would put a reasonably prudent man upon inquiry,

Hawes, Administrator, *v.* Chaille *et al.*

for the rule is that one who has notice of such facts is charged with the knowledge that an inquiry, reasonably prosecuted, would impart. *Kuhns* v. *Gates*, 92 Ind. 66 ; *Smith* v. *Sweigerer, ante,* p. 363.

The evidence satisfactorily shows that the appellees did not have actual notice, or knowledge, of the lien asserted by the appellant, so that the sole question is whether they had constructive notice. If they had information of such facts as authorize the presumption to be made as one of law that the lien existed, then it must be adjudged that they did have constructive notice. 2 Pomeroy Eq. Juris., p. 41.

The counsel for appellant assume that the appellees are chargeable with notice, because the proceedings were of record. They affirm that the orders of the court informed all persons of the terms and conditions of the sale, and refer to the cases of *State, ex rel.,* v. *Davis,* 96 Ind. 539 ; *Brush* v. *Ware,* 15 Pet. 93 ; *Coy* v. *Coy,* 15 Minn. 119 ; *Wiseman* v. *Hutchinson,* 20 Ind. 40 ; *Hazlett* v. *Sinclair,* 76 Ind. 488 (40 Am. Rep. 254) ; *Sample* v. *Cochran,* 84 Ind. 594. These cases do lay down, and rightly, the rule that a grantee is bound to examine the deeds under which he asserts title, and if that rule decides this case the appellant must succeed. But the controlling premise is tacitly taken for granted by counsel, whereas it is incumbent upon them to prove it, for without proof of that premise their entire argument falls. The unproved premise is, in substance, this : The purchaser from an administrator must know from his deed, or from the record, that the purchase-money remains unpaid. That premise can not be supplied in this case from the naked recitals of the deed. There is nothing in the deed itself showing, or tending to show, that the purchase money was not fully paid.

The administrator's deed, however, refers to the order of the court directing the sale, and we think that the purchasers were bound to take notice of the order. The general rule unquestionably is that a reference to other instruments makes it the duty of the party buying to take notice of such instru-

ments.  *Kerr* v. *Kitchen*, 17 Pa. St. 433 ; *Rutler* v. *Barr*, 4 Ohio, 466.  But an examination of the proceedings which culminated in the order of sale, and in the confirmation of the administrator's deed, would have shown no more at most than that for part of the purchase-money promissory notes were executed ; it would not, at all events, have shown that the notes were not paid at maturity.  Had the purchase of the appellees been made before the notes became due there might, perhaps, be force in the argument that the records of the court supplied notice, at the time of the purchase, that the notes were unpaid ; but the purchase was made after the notes became due.  Viewed from the law side, the rule is that the presumption is that the notes were paid when due, and upon this presumption the purchasers had a right to act.  Viewed from the equity side, two maxims are influential :  One is, " Equity imputes an intention to fulfil an obligation ; " the other is, " Equity regards that as done which ought to have been done."  It seems clear, therefore, that, as there is nothing in the recitals of the deed, or record, showing an intention to hold an equitable lien, and that, as the purchase was made after the notes became due, the purchasers are not chargeable with notice of the existence of such a lien.

If, however, we are in error in the conclusion just stated, there is another reason why the appellant can not prevail. That reason is this :  The order of sale required the administrator to take freehold sureties, and his report of the sale indicated that he did take such sureties.  If he did what the order required, and his report indicated, no equitable lien could arise, since a vendor's lien can not exist where other security is taken.  *Mattix* v. *Weand*, 19 Ind. 151 ;  *Harris* v. *Harlan*, 14 Ind. 439 ;  *Brown* v. *Gilman*, 4 Wheat. 291. The purchasers had a right to rely upon the report of the administrator ; not only this, for they had also a right to presume that he obeyed the order of the court.

This case is not ruled by the decision in *Singer* v. *Schei-*

*ble,* 109 Ind. 575. In that case the question was whether property purchased with trust funds had the trust so impressed and so disclosed by the record as to preclude a purchaser from successfully averring that he acquired title free from the burden of the trust; while here the question is whether the purchasers had notice of a vendor's lien. The cases are essentially different, for in this case there can be no doubt that the title passed to the purchasers unburdened by any trust, and that, in no event, could the appellant claim more than that the purchasers from the immediate grantees of the administrator took the land subject to the equitable vendor's lien.

Judgment affirmed.

Filed Oct. 27, 1891.