[No. 4108.]

## BROTHERS v. BROTHERS.

29    69
29    96

1. CONTRACTS—PAROL GIFT—CONSIDERATION—PLEADING.

In an action to quiet title a complaint which alleges that after plaintiff became of age he rendered services for his father, one of the defendants, in consideration of which his father made him a parol gift of the premises in dispute, which plaintiff accepted in liquidation of his claim, and relying on said parol gift, and with the knowledge and consent of the defendants plaintiff went into possession of said premises and erected thereon permanent and valuable improvements and thereafter remained in possession, alleges a sufficiently definite contract and is sufficient to support the action.

2. PLEADING—APPELLATE PRACTICE.

An attack made upon a pleading for the first time on appeal is not regarded with favor and will not prevail unless the pleading thus challenged is so radically defective that it will not support the judgment rendered.

3. PLEADING—QUIETING TITLE—WATER RIGHTS.

In an action to quiet title to certain land and a water right where plaintiff claimed in his original complaint to be the legal owner of the water right and referred to the tract of land described and the water right as "the said premises" and prayed for a decree "that defendants have no estate or interest whatsoever in or to said land and premises," and where defendant's answer made no distinction between the tract of land described and the water right, but referred interchangeably to the subject matter in dispute as "the real property described in his complaint" and "the said land and premises," the pleadings were sufficient to put in issue the ownership of the water right.

*Appeal from the District Court of Arapahoe County.*

Action by appellee, as plaintiff, against appellant and her husband, Henry Brothers, to quiet title to a certain tract of real estate and a water right appro-

priated and used for the irrigation of the premises in question. The issues formulated by the pleadings were found in favor of plaintiff, and a decree rendered adjudging him the owner of such premises and water right. From this judgment the defendant, Eliza Brothers, brings the case here for review on appeal. The evidence is not before us, and the only question presented is the sufficiency of the pleadings to sustain the judgment.

Mr. JOHN HIPP and Mr. JAMES S. McGINNIS for appellant.

Mr. GEORGE W. TAYLOR for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The first point made by counsel for defendant is, that the contract upon which plaintiff relies is not sufficiently definite. What merit this proposition may have, as applied to the evidence, is not presented, for the testimony is not before us. As applied to the pleadings, it has none. The gist of the ultimate facts which plaintiff pleads is to the effect that after he became of age he rendered services for his father, one of the defendants; that the latter, in consideration of such services, made him a parol gift of the premises in dispute, which he accepted in liquidation of his claim, and thereafter went into possession by and with the consent of the defendants, and from thenceforth remained in such possession; and that between the years 1886 and 1893, with the knowledge and consent of the defendants, and relying upon the gift by his father, erected on such premises permanent improvements of the aggregate value

of $4,542.00.

A contract is an agreement based upon a sufficient consideration to do, or not to do, a particular thing. The averments of plaintiff satisfy this requirement of the law with respect to contracts. The father recompensed the son for services rendered by making him a gift of the premises in dispute; the son accepted the proposition. This contract was definite. Acting on this agreement, the son enters into possession of the premises, and erects permanent improvements thereon of the value of several thousand dollars; so that by virtue of the possession of the premises and the improvements placed thereon by plaintiff, with the knowledge and consent of the defendants, under the proposition made by the father which the son accepted on the faith of the promise of his father to convey, the son became the equitable owner of the premises in controversy. *Hunt v. Hayt*, 10 Colo., 278; *Kurtz v. Hibner*, 55 Ill., 514; *McDowell v. Lucas*, 97 Ill., 489; *Freeman v. Freeman*, 3 Am. Rep., 657; 43 N. Y., 44; *Anderson v. Shockley* (Mo , 1884), 19 Cent. Law Journal, 172; *Everett v. Dilley*, 17 Pac., Rep. 661; *Smith v. Yocum*, 110 Ill., 142; *Bohanan v. Bohanan*, 96 Ill., 591; *Langston v. Bates*, 84 Ill., 524; *Peters v. Jones*, 35 Iowa, 512; *Hardesty v. Richardson*, 22 Am. Rep., 57, 44 Md., 617; *Lobdell v. Lobdell*, 36 N. Y., 327; *Burlingame v. Rowland*, 19 Pac., 526.

It is contended on behalf of appellant that the court erred in decreeing plaintiff any water right for the reason that he nowhere alleges in his replication that his father gave him such right. No question regarding the sufficiency of the pleadings with respect to this water right appears to have been raised in the court below. After trial the only point made was, that there was no testimony introduced that any

water had ever been given with the land. An attack upon a pleading made for the first time on appeal is not regarded with favor, and will not prevail unless the pleading thus challenged is so radically defective that it will not support the judgment rendered. *In re Estate of Thomas*, 26 Colo., 110; *Insurance Co. v. Bonner*, 24 Colo., 220.

Plaintiff claimed, in his original complaint, to be the legal owner of this water right, and refers to the tract of land described and such right as "the said premises," and prays that by decree it be declared "that defendants have no estate or interest whatsoever in or to said land and premises." Defendant, in her answer, makes no distinction between the tract of land specifically described and the water right; but refers interchangeably to the subject matter of controversy as "the real property described in his complaint," and as "the said land or premises."

Plaintiff's reply does not specifically mention the water right. He refers to the subject matter of controversy as "the said premises." Inasmuch as a water right may be appurtenant to the land, in connection with which it is utilized, we think it is clear from the pleadings in this case that the parties by their pleadings intended to put its ownership in issue, and that the terms employed by the defendant in her answer and the plaintiff in his replication, did, in fact, do so.

The judgment of the district court is affirmed.

*Affirmed.*