Thom and Another *v.* Wilson's Executor and Others.

Satisfaction of Judgment.—Evidence.—Suit by A against B to enjoin the collection of a judgment. The complaint alleged that the judgment was recovered for an unpaid balance of the purchase money of real estate due from A to B; that A had sold the real estate to C, and that B had agreed to, and did, accept the notes of C in discharge of the judgment. B answered, denying that the notes of C had been received in satisfaction of the judgment, and alleging that they had been taken as collateral security only.

*Held,* that a written agreement between B and C, by which it was stipulated that the judgment against A should remain in force until C's notes were paid, was admissible in evidence, as tending to contradict the allegation that the notes were received in satisfaction of the judgment.

*Held,* also, that the record of a judgment of foreclosure of a mortgage given by C to A to secure other notes, given for a balance of purchase money, above the amount of the notes transferred to B, and of a purchase by A of the land under the decree, was admissible in evidence, as it tended to show that the land was, in equity, subject to a vendor's lien for the amount of the notes held by B.

*Held,* also, that while the taking of an appeal from the judgment alleged to be satisfied, after the date of the alleged satisfaction, did not estop A from asserting that the judgment was paid, it was proper evidence for the consideration of the jury.

Deposition.—Copy of Contract.—Where a witness, living out of the jurisdiction of the court, refuses to attach an original paper writing, in his possession, to his deposition, a copy may be attached and given in evidence.

APPEAL from the *Jefferson* Common Pleas.

Ray, C. J.—This was a proceeding to have satisfaction entered of a judgment, and further action restrained under an execution issued thereon. The appellants alleged that the judgment had been recovered against them for the unpaid purchase money due the decedent for certain land sold to them; that they had sold the real estate to one *Mulford,* and that the decedent had agreed to, and had, received from said *Mulford,* in payment, the sum of four hundred dollars in cash, and notes for the balance of the sum due on the judgment, and had agreed to accept a mortgage from

said *Mulford* to secure said notes, and to release the judgment against the appellants.

The appellees filed a denial. They also answered that the notes were received as collateral security, and the judgment was to be entered satisfied only upon their payment. Reply in denial.

On the trial, the appellants introduced evidence tending to show that upon the sale of the land to *Mulford,* upon which the judgment in question was a lien, the agreement between the appellants, the decedent and *Mulford* was, that the notes given by *Mulford* to the decedent were to be secured by mortgage, and that certain other notes given by *Mulford* to the appellants, for the balance of the purchase money, were to be also secured to the appellants by a mortgage of a later date, and that thereupon the appellants were to be released from the judgment; that subsequently the decedent agreed with *Mulford* that the judgment should stand as a security for the debt, and that no mortgage should be executed to the decedent. It appeared in proof that the notes given by *Mulford* to the decedent had not been paid, and that appellants had foreclosed the mortgage they held from *Mulford* to secure the notes for the balance of the purchase money, and had bought in the property. Upon the trial, the appellants moved to strike out a copy of a contract between *Mulford* and the decedent, which was made part of *Mulford's* deposition. The contract showed that the agreement under which the notes were received by the decedent was, that the judgment should remain in force until the notes were paid. This was certainly admissible evidence, both under the denial and the special answer, as it contradicted the allegation that the notes were received in satisfaction of the debt. It is not important that this item of evidence did not disprove the allegation that the decedent agreed with the appellants that he would so receive them. Evidence is not to be excluded on the ground that it does not in itself answer the entire complaint; it is sufficient if it tends to disprove a material averment.

It was also objected that the contract itself was not produced, but only a copy. The appellees requested the witness to file the original, but as the paper was the property of the witness, and he was beyond the jurisdiction of the court, the copy furnished and made a part of the deposition was sufficient.

The appellees offered in evidence a full transcript of the record in the Supreme Court of the proceedings on an appeal, by the present appellants, from the judgment which it is claimed was satisfied. The appeal was taken and prosecuted after the date when the appellants claim the judgment had been fully paid. We think it was proper for the consideration of the jury. A transcript of a record, and the proceedings of this court thereon, is not a copy of a transcript, but is a copy of matter which has become a record of this court. While the taking and continued prosecution of an appeal in this court, from a judgment below, does not, as a matter of law, estop the appellant from asserting that the judgment was paid, it is still, as a matter of fact, proper for a jury to consider under such an issue.

The appellees also offered in evidence the record of a judgment of foreclosure of the mortgage from *Mulford* to the appellants to secure the balance of the money due upon the sale of the real estate to him. This was proper evidence. With the other evidence introduced, it showed that, according to the contract claimed by the appellants, the notes of *Mulford,* given to the decedent, were to be secured by a mortgage prior to the one which secured the notes received by appellants. The appellants purchased the property under a foreclosure of their mortgage, knowing that the notes given to the decedent were unpaid. Those notes were given for the purchase money of the real estate, and were received upon a debt for purchase money of that property, due from appellants to the decedent. This purchase of the property was therefore, in equity, subject to the vendor's lien. The evidence made a case where the aid of the equity power of the court would be asked in

vain to permit appellants to keep the property and have the debt for the purchase money declared discharged, without its payment.

There is another reason why the finding of the jury cannot be disturbed. There was evidence from which the jury could find that the contract between the appellants, the decedent and *Mulford* was, simply, that the appellants were to be relieved from the judgment, and that the property should remain liable to pay the debt. Under that state of facts, it will be time enough to ask the aid of a court of equity when the remedy against the land shall have been exhausted and proceedings are attempted against the appellants. The charges given by the court to the jury were as favorable to the appellants as the law would permit.

The judgment is affirmed, with costs.

*H. W. Harrington* and *C. A. Korbly*, for appellants.

*C. E. Walker*, for appellees.