Hall *et al. v.* Bishop.

---

No. 8315.

HALL ET AL. *v.* BISHOP.

EVIDENCE.—*Record.*—*Copy.*—A record of another State, not judicial, may be proved by a sworn copy.

SAME.—*Tax List.*—*Fraudulent Conveyance.*—The original sworn list of property made for taxation is admissible against the party making it, and a certified copy is not necessary. Such list is not irrelevant in a suit brought against him to set aside a conveyance on the ground that it was made to defraud his creditors, if it tends to show that he did not receive for the conveyance the consideration claimed.

SAME.—*Officer.*—*Deputy.*—The official character of a person may be proved by parol. So also that he was the deputy of an officer.

From the Franklin Circuit Court.

*W. H. Bracken* and *T. H. Smith,* for appellants.

*H. Berry, Jr., F. Berry, J. F. McKee* and *D. W. McKee,* for appellee.

ELLIOTT, C. J.—Suit to set aside a conveyance of real estate upon the ground that it was made for the purpose of de-

frauding creditors. Appellee was the plaintiff below, and judgment was rendered in his favor. The only questions properly presented are those arising upon the error alleged upon the ruling denying a new trial.

Appellants moved the court to suppress parts of a deposition of a witness. This motion was overruled, and of this ruling complaint is here made. The defendants below and appellants here were charged with having fraudulently colluded together to defraud the creditors of one of them, John Hall. The evidence objected to was as to a tax list made out and verified by John Hall, in the State of Ohio. It is said that this list was not admissible for any purpose. We think otherwise. It was the sworn statement of one of the parties to the alleged fraudulent conspiracy, and contained matters relevant to the issues. It showed the property owned by the party, and tended to show whether he had or had not received the consideration which it was claimed was paid him by the persons to whom he conveyed the real estate. *Sherman* v. *Hogland*, 73 Ind. 472.

It is insisted that the copy of the tax list appended to the deposition was incompetent. The argument is, that either the original list or a certified copy should have been produced. The document was under the control of a witness not within the jurisdiction of the court, and a sworn copy was, therefore, not incompetent. *Thom* v. *Wilson's Ex'r*, 27 Ind. 370. The provision in the statute of the United States, that certified copies of records may be introduced in evidence, does not preclude the party from proving the instrument by a sworn copy. The statute does not abridge the common law right to prove by an examined and sworn copy, but adds a more convenient and less expensive method of proof. Wharton Ev., section 98.

Counsel for appellants are in error in placing a tax list upon the same footing as a judicial record. It is not such a record, nor does it in any particular resemble the record of a court. It may be regarded in some respects as a public document,

but not as a judicial record. Its force in such a case as the present is not, however, due to its character as a public document, but to the fact that it is the sworn declaration of a party in interest. We are not called upon to decide anything as to whether a judicial record can or can not be proved in any other manner than by the attestation prescribed in the act of Congress.

The court permitted Nicholas V. Johnson to testify that he was deputy auditor of Franklin county, and this, appellants say, was error because his official character should have been proved by the record. The appellants are wrong. It was not necessary to produce the record of Johnson's appointment. An objection of the same general nature is urged against the action of the court in permitting an assessor to state his official position, and is equally without force.

Original assessment lists, made out and sworn to by two of the appellants, were introduced in evidence, and this is asserted to have been erroneous, because certified copies are the only competent evidence. There is nothing in this argument. Either the originals or certified copies are admissible. *Iles* v. *Watson,* 76 Ind. 359.

The grantor's admissions made prior to the execution of the conveyance were properly admitted. He was, according to the theory of the complaint, and as the evidence tended to show, acting in concert with his grantees, and his declarations were admissible against them. At all events, the declarations were admissible against the party by whom they were made, and it would have been error to exclude them. We must presume, in the absence of anything to the contrary, that the evidence was properly considered and applied.

We can not disturb the finding upon the evidence, for, although not of a very satisfactory character, there is evidence supporting the finding.

Judgment affirmed.