No. 8997.

## MESSMORE v. STEPHENS ET AL.

VENDOR'S LIEN.—*Execution.—Notice.— Injunction.— Judgment Lien.*— The holder of a vendor's lien on land, who afterwards acquires the fee—a judgment lien having attached in the meantime—can not enjoin the sale of the land on execution to satisfy the judgment; nor is anything more than notice needed to preserve to him the priority of the vendor's lien.

From the Grant Circuit Court.

*G. W. Harvey,* for appellant.

*J. L. Custer,* for appellees.

NIBLACK, J.—Complaint by Benjamin F. Stephens against Albert G. Messmore and others for an injunction.

The complaint charged, that on the 18th day of September, 1876, the firm of Forkner, Scott & Elmer obtained a judgment in the Grant Circuit Court against Albert G. Messmore and Ebenezer B. Williams for the sum of $218.33 upon a promissory note executed by the said Messmore and Williams; that on the 3d day of February, 1877, Williams paid $100 on the judgment; that on the 7th day of March, 1877, one William D. Noble sold and conveyed to Williams a certain part of lot No. 31, in the town of Point Isabel, in the county of Grant; that said conveyance was made in consideration of the sum of $300, no part of which had ever been paid; that the said Noble had, for a valuable consideration, transferred his claim for the purchase-money of said real estate to the plaintiff, which claim was averred to be superior to the lien of the judgment rendered as above set forth; that on the 11th day of March, 1877, Williams filed his voluntary petition in bankruptcy, and was thereupon duly adjudged to be a bankrupt; that Messmore, prior to the commencement of said proceedings in bankruptcy, was indebted to the said Williams in a sum equal to or greater than the amount due on said judgment, for which indebtedness the said Williams held the promissory notes of the said Messmore; that the said Williams delivered up said notes to the said Messmore upon an agreement that he, the said Messmore, would pay and satisfy said judgment in full; that the said Messmore had failed to pay or satisfy the judgment, or any part thereof, but, on the contrary, had since instituted proceedings against the said Williams to to have himself declared, and had procured an order of the Grant Circuit Court adjudging him to be, only surety on the note on which such judgment was rendered; that before said last named proceedings were commenced, the plaintiff had purchased the real estate so sold by the said Noble to the said Williams, from the assignee in bankruptcy of the said Williams, and had received a conveyance therefor from said

assignee; that the plaintiff held and claimed to own said real estate under said conveyance; that an execution had been issued on said judgment, and the said Messmore had caused the same to be levied upon said real estate by Benjamin R. Norman, as sheriff of Grant county; that Messmore was solvent and able to pay said judgment, but that Noble and Williams were both insolvent. Wherefore the plaintiff prayed that Messmore and all the other parties to the said judgment, including the said Norman, as such sheriff, might be enjoined and inhibited from selling said real estate upon the execution so levied upon it.

The court, as to all the defendants, granted a temporary restraining order without notice.

When the defendants appeared to the action, Messmore demurred separately to the complaint, but his demurrer was overruled.

At the hearing the court made a finding for the plaintiff, and granted a perpetual injunction as demanded in the complaint.

Messmore has appealed, and assigned error upon the overruling of his demurrer to the complaint, and upon the refusal of the court to grant a new trial in the cause.

In support of the first error assigned by the appellant, it is argued that the facts averred in the complaint were not sufficient to entitle the appellee to an injunction, either against the appellant or any of the other defendants below.

The theory upon which this suit seems to have been prosecuted was, that while the vendor's lien, held by the appellee, was claimed to be superior to the lien of the Forkner, Scott & Elmer judgment, it was, nevertheless, about to be displaced and destroyed by the levy upon and the threatened sale of the land to which it attached, which would inflict an irreparable injury upon the appellee.

A vendor's lien is sometimes spoken of as an equitable estate in the land to which it attaches, but it does not in fact constitute an estate of any kind in the land. It is only a

money demand which may be enforced against the land in the hands of the vendee or any one else having proper notice of its existence.

It is a right which has no definite existence until it is established by the judgment or decree of a court in the particular case in which it has been reserved, and when so established it is made subservient to all the other equities between the parties, and can not be enforced against a subsequent *bona fide* purchaser without notice.   2 Sugden Vendors, bottom page 671; *Gilman* v. *Brown,* 1 Mason, 190.

If Messmore was, in fact, only surety in the Forkner, Scott & Elmer judgment, he might, without having paid the judgment, have filed it against the estate of Williams in bankruptcy and proved it in the name of the judgment plaintiffs for his own protection and benefit. Blumenstiel Bankruptcy, 277.

So, also, the appellee might have filed his claim for unpaid purchase-money against the estate of Williams after he went into bankruptcy, and had it proven as a vendor's lien against the land in the hands of the assignee. . Dart Vendors & Purchasers of Real Estate, 120.

But as neither the judgment nor claim for unpaid purchase-money was proven against the estate of Williams, the liens resulting from these respective demands occupy the same relation to each other which they would if Williams had not become a bankrupt.

Conceding the vendor's lien set up in this case to have been superior to the judgment lien, that afforded no reason for enjoining the levy and sale of the land upon the judgment.

The judgment plaintiffs had the undoubted right to sell the land subject to the vendor's lien or any other lien, however superior it may have been, leaving it to the courts to thereafter adjust the relative rights of the respective lien-holders by such ordinary legal proceedings as might become necessary.   Freeman Judgments, section 373.

By giving the proper notice of its existence, the vendor's

lien would be neither displaced nor destroyed by the proposed
.sale upon the judgment lien; consequently no irreparable in-
jury would result to the appellee from the sale.

As has been shown the appellee had no estate in the land
founded upon his vendor's lien, and, hence, in that respect,
no claim of title to be affected by a sale on the judgment lien.

Our conclusion is, therefore, that the demurrer to the com-
plaint ought to have been sustained, and that justice requires
that the judgment shall be reversed as to all the defendants
below.

The judgment is reversed accordingly, with costs, and the
cause remanded for further proceedings.