Smith v. Schweigerer.

---

No. 15,078.

SMITH v. SCHWEIGERER.

VENDOR AND PURCHASER.—*Notice.*—If a purchaser of land have notice of facts making it incumbent upon him to make due inquiry, he is bound by all the knowledge which a reasonable inquiry would have imparted.

SAME.—*Bona Fide Purchaser.—Who is not.*—One who purchases with full knowledge of prior equitable or legal rights is not a purchaser in good faith.

SAME —*Notice Before Payment of Purchase-Money.*—Notice before payment of the purchase-money prevents the acquisition of the character of a *bona fide* purchaser.

SAME.—*Description of Land.—Correction of Mistakes.*—Mistakes in the description of land may always be corrected against a party who buys with full knowledge of another's prior purchase of land from the same grantor.

PLEADING.—*Deed.—Exhibit.*—Deeds or other instruments forming evidence of title are not the foundation of pleadings asserting title, and if made exhibits they will be disregarded.

From the Carroll Circuit Court.

*L. D. Boyd* and *J. C. Claybaugh,* for appellant.

*J. A. Sims,* for appellee.

ELLIOTT, J.—The appellant alleges in his complaint that

he is the owner in fee of a tract of land through which flows a stream called Wild Cat creek ; that the appellee is wrongfully threatening to construct a dam across the stream upon the land of the appellant.    Prayer for an injunction.

The appellee's second paragraph of answer alleges that William Stranahan was the owner of the land described in the complaint, as well as of another part of the same section ; that Stranahan sold the land described in the complaint to the appellee for three hundred and fifty dollars; that the land was bought for a mill site, and for that purpose sold; that the purchase of the appellee included the right to water and to construct the necessary mill race; that the purchase-money was paid on the 9th day of July, 1873, and, on that day, possession of the land was delivered to the appellee, who still continues to hold possession; that on the day the purchase-money was paid Stranahan executed to the appellee a bond conditioned for the conveyance of the land and the mill privileges; that, subsequently, Stranahan and his wife executed a deed to the appellee for the property ; that the dam which the appellee proposes to erect is at the place and of the height provided for in the contract with Stranahan ; that the appellee has erected a mill in part and has entered upon the work of digging a mill race ; that the appellant had knowledge of the possession and acts of the appellee and knew that he had expended in the work upon the mill and race the sum of two thousand dollars ; that the only title which the appellant has to the land was derived from William Stranahan long after the purchase by the appellee ; that the appellant, at the time he purchased, had full knowledge of the appellee's interest in the property and purchased subject to that interest.    The third paragraph of the answer sets forth substantially the same facts as the second, differing from it in one respect, and that is, in alleging a mistake in describing the land intended to be conveyed.

The answers are good.    The demurrer of the appellant

confesses that possession was taken by the appellee; that improvements were made under claim of ownership; that the appellant had notice of these facts before he purchased, and took title subject to the rights of the appellee. The appellee was first in point of time, and his possession was indicated by acts assertive of ownership, so that the appellant was put upon inquiry. As he had notice of facts making it incumbent upon him to make due inquiry, he is bound by all the knowledge which a reasonable inquiry would have imparted. *Harper* v. *Ely*, 56 Ill. 179 ; *Kuhns* v. *Gates*, 92 Ind. 66. But in this instance there was not merely notice of facts putting the party upon inquiry, but there was also notice that the person in possession was there as owner. It is impossible, therefore, to regard the appellant as a *bona fide* purchaser. One who purchases with full knowledge of prior equitable or legal rights is not a purchaser in good faith. Notice before payment of the purchase-money prevents the acquisition of the character of a *bona fide* purchaser. *Anderson* v. *Hubble*, 93 Ind. 570. Mistakes in the description of land may always be corrected against a party who buys with full knowledge of another's prior purchase of land from the same grantor. *Lewis* v. *Phillips*, 17 Ind. 108 ; *Cordova* v. *Hood*, 13 Am. L. Reg. 334 ; *Moreland* v. *Lemasters*, 4 Blackf. 383 ; *Campbell* v. *Brackenridge*, 8 Blackf. 471 ; *Warren* v. *Richmond*, 53 Ill. 52.

Deeds or other instruments forming evidence of title are not the foundation of pleadings asserting title, and should not be made exhibits. If they are made exhibits they will be disregarded, and only the allegations of the pleading itself be considered. We can not look to the exhibits, for they are no part of the pleadings. This rule has been asserted in a great number of cases.

It is undoubtedly true, as a general rule, that a party who asks relief in equity must proceed with reasonable promptness, but that rule does not defeat one in the position of the appellee. He did take immediate possession of the land ; the

appellant knew that he was in possession as an owner who had paid for the land, and yet refrained from questioning his title for many years, so that it was the appellant, and not the appellee, who slept upon his rights. But however this may be, it is quite clear, that the appellee was not in fault, for it does not appear that he knew of the mistake in describing the land until the appellant challenged his title by this suit. The nature of the acts done, and the character of the improvements made, fully informed the appellant before he purchased that the appellee was in possession as owner, and it was not possible that the appellant could have been misled or injured.

It was proper to permit the appellee to prove all the acts performed by him in erecting the mill and supplying it with power. Such acts were evidence of ownership, of the nature of the possession, and of the character and extent of the rights asserted.

Judgment affirmed.

Filed Oct. 17, 1891.