## Brown et al. v. White et al.

[No. 4,605.  Filed May 13, 1903.  Rehearing denied December 18, 1903.]

Vendor and Purchaser.—*Vendor's Lien.*—A grantor may have a vendor's lien for the purchase price declared against the grantee and those with notice.  *p. 103.*

Trusts.—*By Parol.*—*Statute of Frauds.*—*Evidence.*—A parol agreement creating a trust in real estate, while executory, is within the statute of frauds and unenforceable, but may be proved in support of an executed conveyance made in pursuance thereof.  *p. 103.*

TRUSTS.—*Resulting Trust.*—No trust or use results to the person paying the consideration for real estate conveyed to another except as provided by statute. *p. 103.*

SAME.—*Deed.*—*Disaffirmance.*—*Trust not Created.*—Two of three joint owners of land, one of whom was a minor, conveyed their interest therein to the third who gave a mortgage on the land. The minor received no part of the proceeds of the mortgage. The mortgagor thereafter conveyed the land. Upon arriving at her majority the minor disaffirmed the deed made by her. *Held,* that the mortgagor did not take the real estate or the proceeds of the mortgage as trustee. *pp. 103, 104.*

From Superior Court of Marion County (59,095); *Vinson Carter,* Judge.

Suit for partition by Llora White and others against George W. Brown and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*J. F. Carson, C. N. Thompson, L. M. Harvey, W. A. Pickens, L. A. Cox* and *S. W. Kahn,* for appellants.

*W. W. Herod* and *W. P. Herod,* for appellees.

ROBY, C. J.—Llora White brought this action to procure partition of real estate situated in Indianapolis, averring in her complaint that she owned an undivided one-third and appellants, Brown and Brown, an undivided two-thirds thereof. Trial by the court; general finding in her favor; judgment for partition.

No question is made upon any pleading or action of the court other than in overruling the motion of appellants, Brown and Brown, for a new trial. It is not, therefore, necessary to do more than state in this connection that the questions presented by the motion for a new trial are within the issues made.

Appellee Llora, with her two sisters, Zellica White and Mrs. E. R. Odle, owned, on October 2, 1895, the real estate in controversy as tenants in common, equal in interest. Llora and Mrs. Odle, her husband joining, on that day conveyed the premises to Zellica by a warranty deed, Llora being at the time seventeen years, five months,

and five days old. Zellica immediately thereafter borrowed $1,000, executing a mortgage upon the land in controversy to secure the loan. The proceeds of the loan to the amount of $700 were paid to Mrs. Odle, and the residue used in improving and repairing the property. Default was made in the payment of the first semiannual instalment of interest due. Afterward a second loan of $2,000 was made. The first mortgage was paid out of its proceeds, and an attorney fee paid to Mr. E. R. Odle, some improvements paid for, and the residue turned over to Mrs. Odle, through her husband. On December 19, 1896, Zellica White conveyed said real estate to George W. and Mary J. C. Brown, appellants herein, subject to the $2,000 mortgage, receiving therefor a conveyance of real estate situate on Ruckle street, in said city, together with $500 in cash. The Ruckle street property, upon which there was a mortgage encumbrance, was in turn exchanged for an equity in three cottages and a house and lot, in Highland Place, which do not seem to have been of much value. Zellica had possession of the house and lot only at the time of the trial, and a mortgage against it was then in process of foreclosure.

There is no evidence that Llora did any act in reference to either of these properties except to participate in the arrangements whereby the original deed and mortgage were executed. She continued passive and silent thereafter until the disaffirmance of her deed, except for knowledge of the several transactions above referred to. She occupied the last house as her home, with her sister, at the time of such disaffirmance.

It is contended with force and plausibility that Zellica White took the conveyance of the land in controversy in the capacity of a trustee for her sisters; that she did pay Mrs. Odle her part of the consideration received therefor, and is holden to Llora for her share also; that had she not paid Mrs. Odle the latter might have compelled her

to do so; that the right of a minor was equal to that of an adult; and that Llora therefore received, by means of her trustee, a consideration which she still holds and has not offered to return.

One having conveyed real estate may recover from the grantor the purchase price thereof, and may, as against the grantee and those with notice, have a vendor's lien declared. Whether a grantor may enforce a trust in lands for which those conveyed by him have been exchanged is a different proposition. A parol agreement creating a trust in real estate is within the statute of frauds. It may be proved in support of an executed conveyance made in pursuance thereof, but, while executory, it is not enforceable. *Moore* v. *Cottingham*, 90 Ind. 239.

The appellants do not, however, assert the existence of an express trust. They rely upon a resulting trust having been created by the transaction. No resulting trust or use results to the person paying the consideration for real estate conveyed to another, except as provided by statute. §3396 Burns 1901, §2974 Horner 1901.

The statute makes an exemption from the general rule of the following cases: (1) Where a conveyance is taken in the name of the alienee without the consent of the party paying the purchase money; (2) where the alienee, in violation of some trust, has purchased the estate with money not his own; (3) where by agreement the party to whom the conveyance was made was to hold the land in trust for the party paying the purchase money or some part thereof. §3398 Burns 1901, §2976 Horner 1901; *Rooker* v. *Rooker*, 75 Ind. 571; *Noe* v. *Roll*, 134 Ind. 115.

The evidence does not show that the conveyance was taken in the name of Zellica White without the consent of her sisters. It does not show that she purchased the estate in violation of any trust. Nor is any agreement shown by which the land was to be held in trust. Had

Llora, upon arriving at her majority, asserted the existence of a trust, a different question would be presented. Instead of doing so, she disaffirms the deed made by her. We do not think that Zellica White is shown to have received or held any property as trustee for her sisters. The finding of the court can not therefore be disturbed.

The case is one of hardship to both parties. Each step in the transaction, from the execution of the first deed until the institution of this suit, is shown to have been under the direction of the brother-in-law, who handled all the money, so far as shown, securing to himself and wife the larger part thereof. He is not a party to this litigation.

Judgment affirmed.