UNION STATE BANK; PIONEER NATIONAL TITLE INSURANCE
COMPANY *v.* MELVIN L. WILLIAMS, EXECUTOR OF THE ESTATE
OF CARRIE M. WILLIAMS, DECEASED.

[No. 1-375A54. Filed June 8, 1976.]

*Ronald W. Morris,* of Indianapolis, for appellant.

*James P. Buchanan,* of Lebanon, *Ross Hollingsworth,* of
Indianapolis, for appellee.

LYBROOK, J.—Defendants-appellants Union State Bank (Bank) and Pioneer National Title Insurance Company (Pioneer) appeal from a judgment on the pleadings rendered in favor of plaintiff-appellee Melvin L. Williams, executor of the estate of Carrie M. Williams (Carrie), deceased. The following issues are presented for review:

(1) Whether an equitable vendor's lien exists in favor of Carrie out of a transaction wherein she conveyed certain real estate to Marion and Mildred Williams, husband and wife.

(2) Whether Bank's mortgage lien on said real estate is superior in terms of priority to any lien in favor of Carrie.

(3) Whether the trial court erred in granting judgment on the pleadings.

The record reveals that on or about August 24, 1965, a complex agreement was entered between Melvin Williams, Opal Williams, Carrie Williams, Marion Williams and Mildred Williams, whereby the parties transferred among themselves various parcels of real estate for various considerations. Of importance in the case at bar is a portion of the agreement whereby Carrie transferred certain real estate to Marion and Mildred Williams, husband and wife. The agreement provided that as consideration for this transfer Carrie was to receive from Marion and Mildred *inter alia* $5,000.

Having failed to receive the $5,000, Carrie, on January 8, 1971, filed suit in the Boone Circuit Court to have an equitable vendor's lien declared in her favor upon the parcel of real estate she had deeded to Marion and Mildred. On February 22, 1971, default judgment was rendered in favor of Carrie, and a vendor's lien for $12,220 was declared. On June 3, 1971, the default judgment was set aside on the motion of Marion and Mildred.

Thereafter, on July 20, 1971, Marion and Mildred, then being record owners of the parcel of real estate involved, executed a mortgage on said real estate in favor of Bank. The mortgage was protected by a title insurance policy issued by

Pioneer. On March 10, 1972, and March 17, 1972, Bank and Pioneer, respectively, were joined as parties to the still pending suit between Carrie and Marion and Mildred. After various motions, affidavits and pleadings, the trial court, on July 25, 1974, entered judgment on the pleadings in favor of Carrie. The judgment declared a vendor's lien in favor of Carrie for the sum of $7,133.58 and further declared that Carrie's lien was superior in terms of priority to Bank's mortgage. Thereafter, pursuant to Bank's motion to correct errors the trial court partially modified its prior judgment by reducing Carrie's vendor's lien to $5,000 and declaring the remaining $2,133.58 to be a personal judgment in favor of Carrie against Marion and Mildred and therefore not a lien on the real estate. Subsequently both Pioneer, which had been substituted in the action for Bank, and Carrie, by and through the executor of her estate, filed motions to correct errors. From the overruling of these motions, both parties bring this appeal. Pioneer challenges the propriety of the judgment declaring Carrie's vendor's lien to be superior to Bank's mortgage, while Carrie challenges the propriety of the ruling reducing the amount of her lien from $7,133.58 to $5,000. We shall address first the arguments of Pioneer.

## I.

Before considering the merits of Pioneer's arguments, it is necessary that our standard of review be ascertained. Since the trial court in ruling on the motion for judgment on the pleadings considered matters outside the pleadings the motion was properly treated by the trial court and shall be reviewed by this court as a motion for summary judgment pursuant to Ind. Rules of Procedure, Trial Rule 56. See, Ind. Rules of Procedure, Trial Rule 12(C). In such cases, it is well settled that the motion should be sustained only where the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits and testimony reveal that no genuine issue as to any material fact

exists and that the moving party is entitled to judgment as a matter of law. *Pallikan* v. *Mark* (1975), 163 Ind. App. 178, 322 N.E.2d 398. Moreover, in determining whether a genuine issue of material fact exists, the facts set forth by the opponents' affidavits must be taken as true, and any doubt must be resolved against the proponent of the motion. *Surratt* v. *Petrol, Inc.* (1974), 160 Ind. App. 479, 312 N.E.2d 487; *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

With this standard of review in mind, we turn to Pioneer's alleged errors. First, Pioneer maintains that the trial court erred in declaring an equitable vendor's lien in Carrie's favor, and secondly, it urges that even if the lien was properly declared, the court erred in ruling Bank's mortgage to be subordinate to Carrie's lien. For reasons hereinafter stated, we reject both arguments.

In *Huffman* v. *Foreman* (1975), 163 Ind. App. 263, 323 N.E.2d 651, this court examined at length the question of when an equitable vendor's lien arises. Therein, we concluded that:

". . . if upon looking through the transaction it is apparent that a debt is in fact part of the purchase price or consideration for the interest in the land acquired in the transaction out of which the debt arose, no other obstacle intervening, an equitable lien will be declared upon the land so acquired in favor of the person to whom such debt is due. See, *Dwenger* v. *Branigan* (1883), 95 Ind. 221; *Barrett* v. *Lewis* (1885), 106 Ind. 120, 5 N.E. 910; *Skendzel* v. *Marshall* (1973), [261] Ind. [226], 301 N.E.2d 641."

Applying this definition to the undisputed facts in the case at bar compels our conclusion that the trial court correctly declared an equitable vendor's lien in favor of Carrie. It is undisputed that Marion and Mildred acquired an interest in the land in question in the same transaction in which they also incurred an indebtedness to Carrie. Moreover, it is without doubt that Carrie was never paid the money owed her by Marion and Mildred. Pioneer argues, nevertheless, that a

genuine issue of material fact exists upon the question of whether Carrie was paid by Marion and Mildred. Pioneer directs our attention to a check in the sum of $5,000 drawn by Marion and Mildred payable to Carrie. It is argued that since this check was delivered to an attorney for subsequent delivery to Carrie an issue of fact exists as to whether payment was made to Carrie. While this argument may seem meritorious at first blush, it fails for the reason that the record discloses that the check in question was eventually returned to Marion and Mildred and *never* given to Carrie.

Pioneer has therefore failed to demonstrate that a genuine issue of material fact exists on the question of Carrie's vendor's lien. Accordingly, the trial court did not err in declaring the lien to exist.

## II.

Secondly, Pioneer argues that even if a vendor's lien does exist in favor of Carrie, the trial court erred in declaring that lien to be superior in terms of priority to Bank's mortgage lien. Pioneer's argument is that since Carrie's suit to have a vendor's lien declared was not reduced to a judgment prior to Bank's perfection of its mortgage lien, Bank's lien is superior.

The record reveals the following important dates:

| | |
|---|---|
| 8/24/65 | Contract between the Williams |
| 8/31/65 | Deed from Carrie to Marion and Mildred |
| 12/7/65 | Deed recorded |
| 1/10/67 | Contract recorded |
| 1/8/71 | Carrie files suit to have vendor's lien declared |
| 2/22/71 | Default judgment in favor of Carrie |
| 6/3/71 | Default set aside on motion of Marion and Mildred |
| 7/20/71 | Mortgage from Marion and Mildred to Bank |
| 7/21/71 | Mortgage recorded |
| 10/17/74 | Final judgment declaring Carrie's vendor's lien. |

From these dates, Pioneer maintains that Bank's mortgage lien is clearly superior to Carrie's vendor's lien. This contention is made despite Pioneer's admission that both Pioneer

and Bank had actual notice of the pending litigation between Carrie and Marion and Mildred at the time the mortgage was taken. The sole basis of Pioneer's argument under this issue is that since Bank's mortgage was perfected by filing prior to the final judgment in the case at bar, Bank's lien prevails. We cannot agree.

The glaring fallacy in Pioneer's argument is its apparent belief that Carrie's vendor's lien did not arise until final judgment. Rather, it is well settled that a vendor's lien is created at the moment the seller of land completes a transfer of title to the buyer and the purchase price or a portion thereof remains unpaid. *Old First National Bank & Trust Co. of Fort Wayne* v. *Scheuman* (1938), 214 Ind. 652, 13 N.E.2d 551; *McLaughlin Mill Supply Co.* v. *Laundry Service, Inc.* (1933), 95 Ind. App., 693, 184 N.E. 429. *Brown* v. *White* (1903), 32 Ind. App. 100, 67 N.E. 273; *Mulky* v. *Karsell* (1903), 31 Ind. App. 595, 68 N.E. 689; *Lord* v. *Wilcox* (1885), 99 Ind. 491, and *Fleece* v. *O'Rear* (1882), 83 Ind. 200. The equitable vendor's lien is *perfected* by filing suit to have the lien judicially declared and filing appropriate *lis pendens* notice. *Wilson* v. *Burgett* (1891), 131 Ind. 245, 27 N.E. 749. The purpose of perfection is to "put the world on notice" of the lien so that it cannot be defeated by subsequent purchasers of the real estate. While we agree with Pioneer that Bank's mortgage was perfected prior to Carrie's equitable lien, that fact alone is not dispositive. In order for Bank's mortgage lien to be superior in terms of priority to Carrie's lien, it must appear from the record that Bank was a *bona fide* purchaser for value, in good faith, and without notice, actual or constructive, of Carrie's lien regardless of whether Carrie's lien was perfected or unperfected. *Huffman* v. *Foreman, supra; Hawes, Administrator* v. *Chaille* (1891), 129 Ind. 435, 28 N.E. 848; *Messmore* v. *Stephens* (1882), 83 Ind. 524; *Woody* v. *Fislar* (1877), 55 Ind. 592. In other words, a subsequent purchaser with notice, actual or constructive, of a vendor's lien takes his interest subject to that lien. *Merritt* v. *Wells*

(1862), 18 Ind. 171; *Thom and Another* v. *Wilson's Executor* (1866), 27 Ind. 370; *McCarty* v. *Pruett* (1853), 4 Ind. 226; *Brumfield and Others* v. *Palmer* (1844), 7 Blackf. 227.

In the case at bar, Bank, before completing its mortgage transaction with Marion and Mildred had actual knowledge of the then pending suit by Carrie to have her vendor's lien judicially declared. This knowledge is, as a matter of law, sufficient to put Bank on notice that Carrie was asserting a claim to the real estate in question, and to put Bank on duty of inquiry to ascertain the nature and extent of Carrie's claim. Where, as in the case at bar, the facts are sufficient to put a reasonably prudent person on duty of inquiry, that person is charged with the knowledge that such an inquiry, reasonably prosecuted, would impart, for the rule is well settled that when one has sufficient information to reasonably lead him to a fact, he must be deemed conversant with it. *Huffman* v. *Foreman, supra; Kuhns* v. *Gates* (1883), 92 Ind. 66; *Smith* v. *Schweigerer* (1891), 129 Ind. 363, 28 N.E. 696.

We therefore hold that Bank was, as a matter of law, charged with constructive knowledge of Carrie's vendor's lien at the time the mortgage agreement with Marion and Mildred was entered. The trial court therefore did not err in declaring Bank's mortgage lien to be subordinate in terms of priority to Carrie's vendor's lien.

### III.

The final issue for our consideration is raised by Carrie and concerns the propriety of the trial court's ruling reducing her vendor's lien from $7,133.58 to $5,000. Carrie argues that the $2,133.58 reduction constituted a portion of the purchase price of the real estate and that the trial court erred in refusing to impress this portion of the judgment as a lien against the subject real estate.

The problem presented under this issue is one requiring special attention in that it concerns a device commonly re-

ferred to as a support deed which arises when an older person conveys land upon the understanding that the grantees will furnish support to the grantor in his or her final years. Herein, Carrie conveyed the real estate to her son, Marion Williams, and his wife, Mildred, in exchange for their promise to pay $5,000 and to provide support in the form of heat, insurance, and taxes. The deed from Carrie specifically noted the grantees' agreement to provide future support:

"... and that the grantees agree to pay the taxes on said real estate, including real and personal, insurance on said real estate, and to furnish the heat for the home of Carrie M. Williams during her lifetime."

The undisputed evidence is that the sum of the taxes, insurance and heat which grantees refused and failed to pay is $2,133.58. Thus, the only question under this issue is whether, as a matter of law, this support obligation is a lien on the real estate.

Our research reveals that although a vendor's lien is generally denied where the consideration is an agreement or covenant to provide support to the grantor, 92 C.J.S. *Vendor & Purchaser,* § 382, p. 323, Indiana courts have long upheld such a lien. *Hamilton* v. *Barricklow* (1884), 96 Ind. 398; *Huffmond* v. *Bence* (1891), 128 Ind. 131, 27 N.E. 347; *Henry* v. *Knight* (1919), 74 Ind. 562, 122 N.E. 675; *Federal Land Bank of Louisville* v. *Luckenbill* (1938), 213 Ind. 616, 13 N.E.2d 531; *Lowman* v. *Lowman* (1938), 105 Ind. App. 102, 12 N.E.2d 961. See also, Townsend, *Survey of Recent Developments—Secured Transactions and Creditors' Rights,* 7 Ind. L. Rev. 226, (1973).

We therefore conclude that the obligation for support may lawfully be impressed as a lien upon the real estate. Moreover, since this obligation was recited in the deed, Bank is charged with constructive notice of the same and Bank's mortgage lien is therefore inferior. Thus, the trial court erred in refusing to declare the $2,133.58 obligation for support to be a lien on the real estate.

The judgment below is therefore reversed as it pertains to the amount of Carrie's vendor's lien. The cause is remanded to the trial court with instructions to enter judgment declaring a vendor's lien in favor of Carrie in the amount of $7,133.-58. In all other respects the judgment below is affirmed.

Affirmed in part, reversed in part and remanded with instructions.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 348 N.E.2d 683.