**David R. GRUBB, Appellant–Defendant,**

v.

**E. Genell CHILDERS, Appellee–Defendant.**

No. 53A01–9802–CV–75.

Court of Appeals of Indiana.

Dec. 4, 1998.

Rehearing Denied Feb. 9, 1999.

Rudolph Wm. Savich, Bloomington, for Appellant.

C. Duane O'Neal, Lewis & Kappes, P.C., Indianapolis, for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

David R. Grubb appeals the grant of summary judgment in favor of E. Genell Childers in the complaint for foreclosure brought by Howard and Marjorie Dillabaugh against Grubb, David R. Grubb Development, and Childers. We affirm.

### ISSUE

Whether summary judgment for Childers was improperly granted.

### FACTS

■ On February 22, 1994, Childers filed a petition to dissolve her marriage to Grubb. On February 24, 1994, the dissolution court issued a temporary restraining order, which was continued in a subsequent order of March 28, 1994, enjoining both parties from "transferring, encumbering, concealing, selling or otherwise disposing of any marital property or asset of the marriage except in the usual course of business or for the necessities of life, without the written consent of the parties or by order of the Court." (R. 166). On April 27, 1994, Childers filed a lis pendens notice [1] with the Monroe County Circuit Court specifying a number of real estate properties that might be affected by the dissolution proceedings. The filing bears the stamp of the Court Clerk. The properties for which legal descriptions were provided in the lis pendens included two parcels of about five acres each in Owens Acres. (R. 152).

Mr. Dillabaugh was a friend and business associate of Grubb. During the first week of May 1994, Childers met with Mr. Dillabaugh, at which time he attempted to persuade her not to pursue a dissolution. At that meeting, Childers informed Dillabaugh that she had filed a lis pendens notice on Grubb's properties.

On May 11, 1994, Grubb asked Mr. Dillabaugh for a loan. According to Mr. and Mrs. Dillabaugh, Grubb had previously borrowed money from them to purchase equipment but had failed to repay them as promised. Therefore, Dillabaugh asked Grubb for some sort of security for another loan. Dillabaugh was aware that the dissolution was pending, that Grubb had various real property in Monroe County, and that it was expected Childers would receive some of that property. Grubb offered to execute a mortgage to the Dillabaughs on the two Owen Acres parcels and told him "the [dissolution] court appraised [each] for forty-two thousand or forty-one thousand." (R. 103). Based on that appraisal, Dillabaugh said, Grubb (as president of David R. Grubb Development) executed two $41,100.00 promissory notes and mortgages (each secured by one of the parcels) on that day, May 11, 1994. The Dillabaughs recorded the mortgages on May 13, 1994. In the next few weeks, the Dillabaughs loaned Grubb $12,500.00—$7,500.00 of which was (two weeks after Grubb signed the notes) a check payable to Grubb's dissolution attorney.

On September 11, 1995, the dissolution court ordered the marriage dissolved and awarded Childers the two Owens Acres parcels "subject to any existing, enforceable mortgages." (R. 168).[2] On June 13, 1996, the Dillabaughs filed a complaint for foreclosure against Childers, Grubb, and Grubb Development, alleging that because Grubb and Grubb Development had defaulted on the notes, the property should be sold to pay the

---

1. The doctrine of lis pendens provides a mechanism for a person to put third parties on notice that he may acquire an interest in real property as a result of a pending legal dispute. *Curry v. Orwig*, 429 N.E.2d 268, 272–73 (Ind.Ct.App. 1981). Specifically, the doctrine permits the person with a claim in property which is not otherwise recorded or perfected to put a claim on the public records so that third parties dealing with the owner of record will have constructive notice of the claimant's potential interest in the property. *Id.*

2. Grubb was ordered to convey his interest in the lots to her by quit claim deed within thirty days and "failing that," a commissioner would do so for him. (R. 169). When Grubb failed to comply with the order, a commissioner executed a quit claim deed in this regard on February 6, 1996. The deed was approved by the court on May 13, 1996 but not recorded until July 10, 1996.

$82,000.00 in principal plus accrued interest, costs, and attorney fees. That same day, Grubb executed a quit claim deed to convey his interest and that of Grubb Development to the Dillabaughs.

The Dillabaughs filed a motion for summary judgment and Childers cross-moved for the same. After a hearing, the trial court granted summary judgment in favor of Childers, finding that (1) the mortgages were invalid as a fraudulent conveyance, and (2) the mortgages were subordinate to Childers' interest because the Dillabaughs had actual and constructive notice of her claim and were not bona fide purchasers.

## DECISION

Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's entry of summary judgment, we are bound by the same standard as the trial court. *DeBaets v. National Educ. Ass'n–South Bend,* 657 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.* The party moving for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Hermann v. Yater,* 631 N.E.2d 511, 513 (Ind. Ct.App.1994). Once the movant meets these two requirements, the burden shifts to the non-moving party to set forth specifically designated facts showing the existence of a genuine issue. *Id.* The party which lost in the trial court has the burden of persuading us that the trial court's decision was erroneous. *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431 (Ind.1993). Where, as here, the trial court enters specific findings of fact and conclusions of law, they do not bind us but merely aid our review by providing us with a statement of reasons for the trial court's actions. *See Rice v. Strunk,* 670 N.E.2d 1280, 1283 (Ind.1996). The trial court's ruling on a motion for summary judgment may be affirmed on any theory supported by the evidence of record. *Houin v. Burger by*

*Burger,* 590 N.E.2d 593, 596 (Ind.Ct.App. 1992), *trans. denied.*

Grubb argues extensively that the lis pendens filed by Childers is invalid because even though it was filed in the Monroe County Circuit Court and bears the stamp of the Court Clerk, it is actually invalid for having been filed in the wrong part of the court—as evidenced by its bearing a certain color ink on the Clerk's stamp. We do not address this argument because the grant of summary judgment may be affirmed without reaching it. *See Houin.*

■ In order for the Dillabaughs to prevail in their claim that their mortgage is protected by the recording acts as "superior in terms of priority" to the interest of Childers, the Dillabaughs must have been bona fide purchasers for value, in good faith, *and* without actual or constructive notice of Childers' lien. *Union State Bank v. Williams,* 169 Ind.App. 345, 348 N.E.2d 683, 687 (1976). Childers' designated evidence indicates that she told Dillabaugh several days before Grubb executed the notes and mortgages that she had filed a lis pendens notice. Thus, Dillabaughs had actual notice that she had a claim of interest in Grubb's real estate. Moreover, they had constructive knowledge that she might have an interest in Grubb's real estate. Constructive notice is a legal inference from established facts. *Wienke v. Lynch,* 407 N.E.2d 280, 286 (Ind.Ct.App. 1980). Dillabaughs knew that (1) a dissolution action was pending, (2) Childers was expected to be awarded real property in the final order on that matter, and (3) Childers believed she had filed a valid lis pendens notice. This knowledge supports the inference that Dillabaughs had constructive notice of Childers' potential interest. Such actual and constructive knowledge imposed upon the Dillabaughs a duty to inquire whether any pending order of the dissolution court or lis pendens notice filed with the court might render the notes and mortgages from Grubb subordinate in terms of priority to Childers' interest. *See Union State Bank,* 348 N.E.2d at 687. This actual and constructive knowledge on the part of Dillabaughs also renders their interest in the parcels subordinate to Childers's. *Id.*

Because the Dillabaughs were, as a matter of law, charged with knowledge of Childers' potential interest in the property at the time their mortgage agreements with Grubb were executed, the trial court did not err in declaring the mortgages subordinate to Childers' interest. *Id.*

Affirmed.

BAILEY, J., concurs.

BAKER, J., concurs in result with separate opinion.

BAKER, Judge, concurring in result.

While I agree with the conclusion and rationale set forth in the majority opinion, it is my view that Grubb lacks standing to appeal the trial court's grant of the Childers' motion for summary judgment.

Our supreme court has determined that in order to establish standing, the complaining party must demonstrate a personal stake in the outcome of the lawsuit and must show that he has sustained, or is in immediate danger of sustaining, some direct injury as a result of the conduct at issue. *Shourek v. Stirling,* 621 N.E.2d 1107, 1109 (Ind.1993). Moreover, in *Shand Mining, Inc. v. Clay County Bd. of Comm'rs,* 671 N.E.2d 477, 479 (Ind.Ct.App.1996), this court held that one defendant does not have standing to appeal a judgment rendered in favor of a codefendant unless the defendant suffers some prejudice as a result of the entry of judgment in favor of the codefendant.

In the instant case, even if the Dillabaughs were charged with knowledge of the Childers' potential interest in the property and were not bona fide purchasers for value, the record shows that Grubb conveyed any interest that he may have held in the real estate by quitclaim deed to the Dillabaughs on June 13, 1996. Moreover, the trial court determined that there was no valid mortgage lien held by the Dillabaughs on the real estate and that Genell Childers should receive the property free and clear of those claims. At that time, Grubb had no legal or equitable interest in the property. As a result, Grubb cannot now establish that he is either prejudiced or aggrieved by the outcome of the judgment. Therefore, Grubb does not satisfy the standing requirement of having an actual interest in the controversy.

Inasmuch as Grubb had been disenfranchised from his interest by both a judgment through the divorce decree as well as his voluntary act of conveying the property by quitclaim deed to the Dillabaughs, he lacks standing to appeal the trial court's judgment. As a result, I vote to dismiss the appeal.