**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 29 2014, 10:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**CRAIG D. DOYLE**
**AMANDA J. PORTER**
**KURT V. LAKER**
Doyle Legal Corporation, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE: THE PETITION OF JOHN OBERLEAS FOR ISSUANCE OF TAX DEED, )))) | |
| TAX SALE CERTIFICATES #801063, 801066, 801067, 801068, )))) | |
| PARCEL NO. 006-00168-00; 006-01232-00            006-01233-00; 006-01234-00 )))) | |
| Appellee-Respondent, ) | |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC, )) | |
| Appellant-Petitioner, )) | |
| vs. ) | No.  80A05-1402-MI-70 |
| JOHN OBERLEAS, )) | |
| Appellee-Respondent. ) | |

**July 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Rushmore Loan Management Services, LLC (Rushmore) appeals from the trial court's denial of its Indiana Trial Rule 60(B) motion, in which it asked the trial court to set aside an order directing issuance of tax deeds and the tax sale of a property in which it had obtained an interest. Rushmore contends that property owner John Oberleas's tax deeds ought to be declared invalid because of his failure to substantially comply with the notice provisions in Indiana Code sections 6-1.1-25-4.5 and -4.6 and to provide the record owners and those with substantial property interest in the property due process. Notwithstanding Rushmore's contention, the evidence demonstrates that Rushmore's motion was not filed within a reasonable time as required by Indiana Trial Rule 60(B). Therefore, we affirm the trial court's denial of Rushmore's motion.

FACTS

Prior to the proceedings related to this case, Nedra J. Thomas and Virgil L. Hayes owned real property (the Property), consisting of five parcels collectively known as 1118 South 725 West, Goldsmith, Indiana. Thomas and Hayes executed a note in 2008 promising to repay a loan from Taylor, Bean, & Whitaker Corp. The note was secured

by a mortgage and held all five parcels of 1118 South 725 West, including the residence. The mortgage was then assigned to BAC Home Loans on April 8, 2010; Bank of America, N.A. is the successor by merger to BAC.

On October 4, 2010, four of the five parcels of the Property owned by Thomas and Hayes were offered for tax sale because the taxes on the Property were not paid in a timely fashion. Oberleas, who lived next door to the Property, was the high bidder at the tax sale and was issued a tax sale certificate for each of the four parcels that he purchased. The parcels essentially comprised the land surrounding the residence (e.g. the yard and the garage), but not the residence itself.

In a letter dated July 25, 2011, Oberleas sent notice of his purchase (4.5 Notice) via certified mail to the record owners, Thomas and Hayes, and to those who maintained a substantial property interest in the Property (including BAC) pursuant to Indiana Code section 6-1.1-25-4.5.[1] The 4.5 Notice was sent to Thomas and Hayes at an address in Muncie that Oberleas's lawyer obtained through the Tipton Auditor's Office. However, the letter was returned to Oberleas unclaimed, meaning that Thomas and Hayes never received it. There is no indication in the record that any of the other 4.5 Notices sent to those with a substantial interest in the Property were not received.

---

[1] Indiana Code section 6-1.1-25-4.5 requires notice of a tax sale to be sent via certified mail, within nine months of the sale, to the owner of record at the last address as indicated by the county auditor and to any person with substantial property interest of public record. It also specifies the minimum requirements for such a notice, such as the street address or common description of the land, the parcel number of the tract, the date the redemption period expires, etc.

3

The 4.5 Notice letter explained to the parties that Oberleas had purchased four parcels of the Property at the tax sale and that the redemption period expired on October 4, 2011. The notice contained the parcel numbers of the lots purchased by Oberleas and the common address for the Property, although the address was mistakenly missing one digit. Specifically, the notice read 118 S. 725 W, instead of 1118 S. 725 W.

After the expiration of the redemption period in October, Oberleas filed a verified petition for tax deeds for the four parcels of the Property he purchased at the tax sale. He also sent notice of this petition to the interested parties via certified mail ("4.6 Notice").[2] The 4.6 Notice letter stated that the Property had not been redeemed within the one-year redemption period and that the parties now had 30 days after the petition to file a written objection. The 4.6 Notice described the Property by including the parcel numbers for the four lots and the erroneous common address (118 S. 725 W).

The Property was not redeemed within the appropriate time period, and the trial court ordered issuance of tax deeds on December 8, 2011. Oberleas was then issued the tax deeds for four parcels of the Property on February 16, 2012.

On September 10, 2012, the trial court entered judgment in rem and entry of decree of foreclosure in favor of Bank of America against Thomas and Hayes. The Property was scheduled for a sheriff's sale, but after Oberleas's counsel contacted Bank

---

[2] Indiana Code section 6-1.1-25-4.6 provides that "[n]otice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter . . . Any person owning or having an interest in the tract or real property may file a written objection to the petition with the court not later than thirty (30) days after the petition was filed."

of America's attorney to inform him that Oberleas had acquired the parcels by deed, the Property was not sold at the sheriff's sale.

Bank of America subsequently transferred the note, mortgage, and judgment to Rushmore on June 15, 2013. Rushmore then filed its Rule 60(B) motion to set aside its earlier order regarding the issuance of tax deeds and sale on September 9, 2013. The trial court denied Rushmore's motion.

Rushmore now appeals.

<u>DISCUSSION AND DECISION</u>

This Court reviews the denial of a Trial Rule 60(B) motion for an abuse of discretion. <u>G.B. v. State</u>, 715 N.E.2d 951, 952 (Ind. Ct. App. 1999). We will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. <u>Id.</u> at 953. "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." <u>Id.</u>

Rushmore filed its motion asking the trial court to set aside the order directing issuance of tax deeds and tax sale pursuant to Trial Rule 60(B)(6). Motions filed pursuant to this subsection must be filed within a "reasonable time." T.R. 60(B). The determination of what constitutes a reasonable time varies with the circumstances of each case. <u>Levin v. Levin</u>, 645 N.E.2d 601, 604 (1994). Relevant to the question of timeliness is the basis for the moving party's delay and prejudice to the party opposing the motion. <u>Id.</u>

5

Here, Rushmore claims that its motion was filed within a reasonable time. In particular, the record demonstrates that Rushmore filed its Trial Rule 60(B) motion on September 9, 2013, over 18 months after Oberleas received the tax deeds to the parcels of Property. Rushmore claims that its motion was filed within a reasonable time because: 1) Rushmore filed its motion within three months of acquiring an interest in the Property, which Rushmore claims is not unreasonable given the difficulty a mortgagee may have connecting a tax sale notice with an erroneous property address to a particular mortgage loan; and 2) This delay did not result in prejudice because Oberleas will still retain a lien against the Property parcels in the event that the deeds are invalidated.

We find these arguments, particularly the former, unavailing and agree with Oberleas that the delay is unreasonable. While we do not condone the errors made by Oberleas and caution that exactitude is important when recording and notifying others of property interests, Rushmore's challenge simply comes too late.

One of the factors we consider when assessing whether or not a motion was filed within a reasonable time is the basis for the moving party's delay. Here, Rushmore was not a party in interest during the time of the tax sale or even when the deeds were issued. In fact, Rushmore did not acquire an interest in the Property until 16 months after the deeds had been issued to Oberleas. When a mortgagee takes an assignment of a mortgage, he acquires the status of the mortgage at that time. Further, the mortgagee is charged with constructive notice of all the facts that a proper examination of the record would show. Keybank Nat'l Ass'n v. NBD Bank, 699 N.E.2d 322, 327 (Ind. Ct. App.

6

1998). The record clearly shows the Oberleas's tax deeds were recorded in the Auditor's Office on February 16, 2012 under an accurate lot number and property description. Appellant's App. 91-97. Therefore, Rushmore had constructive notice of Oberleas's tax deeds and thus was not a bona fide purchaser, despite an error in the common address. See Union State Bank v. Williams, 169 Ind. App. 345, 350, 348 N.E.2d 683, 687 (1976). Had Rushmore checked the record prior to acquiring the mortgage from Bank of America, it would have been aware that Oberleas was issued tax deeds for four of the five parcels on the Property.

Additionally, it is apparent that Oberleas suffered prejudice as a result of the delay. More specifically, for approximately 18 months, Oberleas believed he was the rightful owner of the parcels and acted accordingly. He has paid taxes and "mowed, cleared underbrush and weeds, and provided general care to the [p]arcels." Appellant's App. 123.

Finally, this Court recognizes a general public policy interest in having finality and closure to such transactions. As this Court previously explained, "[i]n ruling on a T.R. 60(B) motion, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and societal interest in the finality of litigation." Hoosier Health Sys., Inc. v. St. Francis Hosp. & Health Ctrs.,796 N.E.2d 383, 388 (Ind. Ct. App. 2003). Although Rushmore may not have had actual notice of Oberleas's deeds to the Property parcels, it is charged with constructive notice; therefore, we do not believe Rushmore suffers grave injustice if Oberleas retains

7

ownership of the Property because Rushmore had the opportunity to avoid the problem much earlier. See Union State Bank, 169 Ind. App. at 350, 348 N.E.2d at 687. In short, because of society's interest in the finality of litigation, we cannot indefinitely allow banks to shift any potential issues associated with a mortgage to subsequent mortgagees if it operates to the detriment of the tax sale purchaser as it does in this case. Therefore, we conclude that Rushmore's motion was not filed within a reasonable period of time.

Moving onto Rushmore's other claims, it also argues that the property descriptions in the 4.5 and 4.6 notices Oberleas sent to the record owners, Thomas and Hayes, were not in substantial compliance with Indiana Code sections 6-1.1-25-4.5 and -4.6 because they omitted a digit in the common address and failed to provide a full legal description per the statute. Appellant's Br. 7. Further, Rushmore argues that the notices were sent to Thomas and Hayes at an address in Muncie, rather than the proper address on record with the Auditor's Office, meaning that the mailing itself was not in compliance with the statute. Id. at 11. However, we need not address the sufficiency of the 4.5 and 4.6 notices because, even if they possess merit, the issue of reasonable timing discussed above is dispositive. The sufficiency challenge simply comes too late.

Based on these facts, we cannot say that the trial court abused its discretion in denying Rushmore's motion to set aside the issuance of the tax deeds and tax sale. Accordingly, we affirm the judgment of the trial court.

BARNES, J., and CRONE, J., concur.